## SUPREME COURT.

LAWRENCE L. BROWN, respondent, agt. JAMES EATON, appellant.

Where a *summons* contains a notice under the *first* subdivision of § 129 of the Code, and is served *before* the complaint; and the complaint sets out a cause of action under the *second* subdivision of that section, it is such an irregularity as to require the court to *set aside the complaint*, on motion of the defendant; and it is pretty well settled that such an irregularity is not cured or waived by a *general appearance* in the action.

But it has been doubted whether the same rule will be applied when the notice in the summons is under the *second* subdivision, and the cause of action in the complaint authorizes judgment without such application under the *first* subdivision of § 129. (*See Hemson* agt. *Decker*, 29 *How.*, 385.)

Where the summons and complaint *are served at the same time*, no motion to set aside either, ought to prevail, on the ground, merely, that the summons contains a notice under the *second* subdivision of § 129, and the complaint states a cause of action under the *first* subdivision; for the reason that in such case the complaint alone furnishes the cause or ground of action, and is the only foundation upon which the action can proceed.

*Fifth District, Onondaga, General Term, April,* 1869.

*Before* BACON, FOSTER, MULLIN *and* MORGAN, *Justices.*

APPEAL from an order of the special term denying motion to set aside the complaint. *The summons and complaint were served together.* The defendant after giving notice of appearance, moved to set aside the complaint because of variance. The summons contained the notice specified in the second subdivision of § 129 of the Code, and the complaint set out a cause of action upon contract for the recovery of money only, and contained a notice that judgment would be taken for a sum certain.

R. O. JONES, *for appellant.*

GEO. C. CARTER, *for respondent.*

*By the court.* MORGAN, J. When the summons is served *before* the complaint, and contains a notice under the *first*

subdivision of § 129, and the complaint sets out a cause of action under the *second* subdivision, it is held by several authorities to be such an irregularity as to require the court to set aside the complaint on motion of the defendant; and it seems to be pretty well established that such an irregu- larity is not cured or waived by a general appearance in the action. · It has been doubted however whether the same rule will be applied when the notice in the summons is un- der the second subdivision, and the cause of action in the complaint authorizes judgment without such application, under the first subdivision of § 129. (*Hemson* agt. *Decker*, 29 *How. Rep.*, 385.)

The distinction is supposed to be governed by the rules formerly applied to the case of a declaration varying from the cause of action stated in the *ac etiam* clause of the *ca- pias*. If, however, we are to be governed by the decisions under the old system of pleading, it is very clear that the irregularity cannot be taken advantage of by the defendant on motion either to set aside the summons or complaint.

The *ac etiam* (like the summons under § 129) was intend- ed briefly to express the cause of action, without which the defendant could not be held to bail (2 *R. S.*, 348). When the defendant was held to bail on *capias* by an *ac etiam* the plaintiff was bound to pursue it and declare accordingly, or the court on motion would set aside the declaration, and or- der an *exoneretur* on the bail piece. (*Rogers* agt. *Rogers*, 4 *John. R.*, 485; *Durfee* agt. *Heimstreet*, 1 *W. R.*, 305.)

But in no case could the defendant take advantage of a variance in this respect, except in cases where he had been arrested and held to bail (*McFarland* agt. *Townsend*, 17 *W. R.*, 442). We cannot therefore rely upon the old practice to sustain this motion.

The decisions cited by the counsel are mostly the individ- ual views of judges at special term, and are by no means uniform or consistent with each other. If the defendant may be prejudiced by the supposed irregularity, I see no

reason why he may not appear and move to set aside the complaint. If he cannot be prejudiced by it, there is no reason why he should be heard at all.

It is evident that the defendant cannot be misled by the form of notice in the summons, *when the summons and complaint are served together.* The form of the notice in the summons confers no right upon the plaintiff to enter judgment without an application to the court, when such application is necessary by the form of the complaint (*Cobb* agt. *Dunkin*, 19 *How. R.*, 164) ; and when it is regular to take judgment without such application, it is not irregular to apply for and obtain an order for judgment. The most that can be said is that it is unnecessary to apply for judgment in such a case. The defendant is in no way prejudiced by it. I do not concur in the doctrine laid down by the judge in *Tuttle* agt. *Smith* (14 *How. P.*, 395 ; 6 *Abb.*, 320), and think it ought not to be followed.

But when the summons *precedes* the complaint the defendant may be misled to his prejudice. If the summons states truly the nature of the claim, the defendant may not be put to the trouble and expense of an appearance. Especially is this so when the summons gives notice of an application to the court for the *relief demanded* in the complaint, and the case is one where, if the true sum was mentioned, the defendant would understand from the summons that he had no defense to the claim. So far therefore as the decisions sustain the right of the defendant to move to set aside the complaint, when it is served *subsequently* to the summons and varies from it, I am of opinion that we should follow them ; but as the Code expressly authorizes the summons and complaint to be *served together*, I do not think the defendant can rightfully claim that he can appear and say he has been prejudiced, because in *contemplation of law* the summons *precedes* the complaint. The principal object of the summons is to bring the defendant into court. If the defendant should appear without service of the summons

it may be dispensed with altogether (*Code*, § 139). After the defendant has appeared, there is an end of the process. It has become *functus officio*. All subsequent proceedings are based upon the complaint, and when they are served together, as they may be under the Code, it is a mere fiction to suppose that the summons precedes the complaint. It is however very questionable whether it can be supported as a fiction, for by the very terms of the notice in the summons the plaintiff refers to the complaint. In the case at bar the notice is that the plaintiff will apply to the court for the relief demanded in the complaint.

This according to the requirements of § 129 of the Code and doubtless the notice thus provided for in subdivision 2 of that section, contemplates that the complaint has already been drawn up.

But without attempting to criticize the decisions which maintain such a *fiction* or to deny that it may have some truth to support it, it is quite too harmless to justify the defendant in resorting to a motion, for the purpose of annoying the plaintiff and subjecting him to costs.

If the correction of the supposed *irregularity* or *variance*, could be of any benefit to the defendant, or if he had been misled by it to his prejudice, there would be some ground for sustaining a motion to set aside the complaint.

In my opinion, no such motion ought to prevail, where the summons and complaint *are served at the same time,* for the reason that in such a case, the complaint alone, furnishes the cause or ground of action, and is the only foundation upon which the action can proceed. All the subsequent proceedings and pleadings are goverened by the form of the action as stated in the complaint; and in no way by the form of notice contained in the summons. To allow the defendant to overlook the complaint and resort to the summons for the cause of action, for no purpose except to make a dilatory and fruitless motion, is to encourage a practice

Brown agt. Eaton.

which has already become very troublesome to parties, and very annoying to the courts.

One of the most difficult questions to deal with, is the *form* of notice to be inserted in the summons. The judges do not agree as to the *form* of notice in some cases, and it is very little consequence in a majority of cases which form is adopted. Why, increase the difficulty by favoring motions to set aside either the summons or complaint, except in case where it is apparent that the defendant has been or may have been misled to his prejudice by the form of the summons.

It may be well enough to look into the question, when the summons is *in fact served before the complaint*. But when they are *served together*, the variance is not of sufficient importance in any aspect of the case, to justify the court in spending their time upon motions to set aside either the summons or complaint. And this agrees with the former practice of the court, in regard to motions to set aside the complaint when it differed from the *ac etiam* clause of the *capias*.

If the defendant was prejudiced by it, that is, if he had been arrested and held to bail, the court set aside the complaint, otherwise not. The question to be determined is, whether the variance is prejudicial to the defendant, if it is, the practice is to set aside the complaint, otherwise not.

As the defendant was not and could not be prejudiced by the supposed variance in the case at bar, I am in favor of affirming the order of the special term, with $10 costs of the motion.

All the judges concurring, ordered accordingly.