[No. 2,110.]

CORNELIUS KING v. JOSEPH H. BLOOD AND ISAAC HARTMAN.

COMPLAINT IN SUIT ON JUDGMENT.—In a complaint, in an action brought on a judgment, it is unnecessary to aver that an execution has been issued on the judgment, and an unsuccessful effort made to collect it.

STATEMENT IN SUMMONS.—A statement in a summons, that "the said action is brought to recover judgment against the defendants for the sum of five thousand three hundred and seventy-one dollars and twelve cents, and interest at three per cent per month from November 14th, 1863, and the further sum of eleven dollars and twenty cents, and the costs of this action," is sufficient to answer the twenty-fourth section of the Practice Act, as a copy of the complaint is served with the summons.

SERVICE OF SUMMONS AND COPY OF COMPLAINT.—When there are several defendants, and all are served with summons in one county, the presumption is that all resided in the county where served, and a service of a copy of the complaint on one is deemed a service on all.

APPEAL from the District Court of the Fourth Judicial District, City and County of San Francisco.

The facts are stated in the opinion of the Court.

*M. A. Cobb*, for Appellants.

The Practice Act (section twenty-four) requires that the summons shall state, among other things, "the cause and general nature of the action." A statement that the action is brought to recover a judgment for so many dollars, without anything further, is not stating the cause or general nature of the action. (*Polack* v. *Hunt*, 2 Cal. 193; *People* v. *Woodlief*, 2 Cal. 241; *Porter* v. *Hermann*, 8 Cal. 619; *Joyce* v. *Joyce*, 5 Cal. 449.) If the summons contains no cause of action, but refers to the complaint for a further statement of a cause of action, it is sufficient. No such reference is made to the complaint, in the summons under consideration, for a fuller statement of the cause of action. It is a good defense to an action on a judgment to show that execution is still available on the former judgment. (*White* v. *Hadnot*, 1 Port. 419; *Welles* v. *Dexter*, 1 Root, 253.)

*Whiting & Naphtaly*, for Respondent.

As the statute required a certified copy of the complaint to be annexed to the summons, the most general statement is sufficient; a detailed one would be surplusage. The cases cited by appellant in this connection all arose on motion to strike out the summons, which is the only way to take advantage of any defect that might exist in it. We have not been able to obtain access to 1 Port. It may have been under a local statute, or it may have arisen on issue joined. At all events, it is sufficiently answered by the fact that our State has adopted the common law rule, which treated a judgment like any other contract. And from the next case quoted by appellant, it would seem that the fact of a remedy,

to be available on execution, must be affirmatively shown to constitute a defense.

By the Court, SPRAGUE, J.:

This action was commenced in the Fourth District Court, City and County of San Francisco, by filing a complaint and causing summons to be issued thereon on the 15th day of November, 1867, to recover the amount of a former judgment against defendants.

The summons states that "the said action is brought to recover judgment against the defendants for the sum of five thousand three hundred and seventy-one dollars and twelve cents, and interest at three per cent per month from November 14th, 1863; and the further sum of eleven dollars and twenty cents, and the costs of this action;" and further notified defendants that if they failed to appear and answer the said complaint within the time specified in the summons, plaintiff would take judgment against them by default for the said sum of five thousand three hundred and seventy-one dollars and twelve cents, and interest from November 14th, 1863, at three per cent per month, and for the further sum of eleven dollars and twenty cents, and the costs of this action.

The summons, together with a certified copy of the complaint, was duly served upon defendant Blood, in the City and County of San Francisco, on the 23d day of May, 1868; and the summons was duly served on defendant Hartman, in the same city and county, on the 1st day of June, 1868. The defendants having failed to appear, answer, or demur, judgment by default was entered against them by the Clerk of said Court, on the 25th day of June, 1868. From this judgment defendants appeal to this Court, having filed their notice of appeal June 1st, 1869; and now insist that the judgment is erroneous and must be reversed, because the

summons, as appears from the record, does not state "the cause and general nature of the action," as required by the twenty-fourth section of the Practice Act. And it is further contended that the complaint fails to state a good cause of action upon a judgment, because it does not allege that an execution had been issued upon the judgment and an effort made to collect the same, without success.

The last point is untenable. There is no more necessity for alleging an unsuccessful effort by execution to collect the judgment, upon action brought thereon, than there is for alleging an unsuccessful demand upon defendant for the payment of an overdue promissory note made by him.

Upon the first point I think the statement in the summons a substantial compliance with section twenty-four of the Practice Act. Again, a certified copy of the complaint was served with the summons personally upon one of the defendants, and as both of defendants were served with the summons in that county, they are, therefore, presumed to have been residents of said city and county, and service of such copy is deemed to have been made upon both. (*Calderwood* v. *Brooks*, 28 Cal. 153.)

By the summons and copy of complaint thus served the defendants were fully and particularly notified of the cause, general nature and object of the action, the relief sought, the time within which they were required to appear and answer, and the consequence of a failure to appear.

The error or defect claimed to exist in the summons is more technical than real, and I am unable to discover that any substantial right of defendants could be affected thereby, or that the judgment should be reversed on account thereof. (Prac. Act, Secs. 71 and 188; *Page* v. *O'Neil*, 12 Cal. 493; *English* v. *Johnson*, 17 id. 107.)

Judgment affirmed.

TEMPLE, J., concurring specially:

I concur in the judgment.

Mr. Justice CROCKETT, being disqualified, took no part in the decision.