Dyas, respondent, *v*. Keaton, appellant.

| 3 | 495 |
|---|---|
| 11 | 421 |

| 3 | 495 |
|---|---|
| 12 | 156 |
| 12 | 160 |
| 30ˣ | 27 |
| 30ᶜ | 29 |

| 3 | 495 |
|---|---|
| 19 | 60 |

| 3 | 495 |
|---|---|
| 20 | 557 |

PRACTICE — *facts constituting waiver of defective notice in summons.* A. commenced this action against B., to recover damages for slander and the summons notified B. that, if he failed to appear and answer the complaint, judgment would be taken against him for the sum claimed in the complaint and costs. B. filed a motion to quash the summons on the ground that this notice was in conflict with the Civil Practice Act. The court overruled this motion and B. filed a demurrer to the complaint, which was overruled, and then filed his answer. The cause was continued for the term, at the request of B., who filed an amended answer under a stipulation of the parties. Afterward, B. filed a second amended answer and proceeded to a trial upon the merits, and judgment was entered for A. B. excepted to the action of the court in refusing to quash the summons, and assigned the same as one of the grounds of his motion for a new trial. *Held,* that the notice in the summons was illegal, and that B. waived the defects in the summons by his acts after his motion to quash the same had been overruled.

*Appeal from Third District, Meagher County.*

This action was tried by a jury before Wade, C. J.

Upon the first hearing of this appeal, an opinion was delivered by Mr. Justice Knowles, and the judgment of the court below was reversed. Blake, J., concurred, and Wade, C. J., dissented. A motion for a rehearing was filed and the cause was reargued at a subsequent term upon the questions referred to in the opinion. The authorities on which the original opinion was based are contained in the appellant's brief.

E. W. & J. K. Toole, for respondent.

Appellant appeared voluntarily and answered, and went to trial on the merits and thereby waived any defect in the summons. The substantial rights of appellant have not been affected by the summons. If appellant desired to take advantage of the error in the summons, he should have appealed from the judgment thereon, and not appeared and answered. *Smith* v. *Curtis*, 7 Cal. 587; *Gale* v. *Tuolumne W. Co.*, 14 id. 28.

The cases relied on by this court in the first opinion are not analogous to that under consideration. The appellant answered

and gambled for a verdict, and it is too late to say the summons will not support the judgment.

Under the Civil Practice Act, the court must disregard errors or defects which do not affect the substantial rights of the parties. Civ. Pr. Act, § 117. Appellant was not forced to a trial, and the cause was not tried for one year after the ruling on the motion to quash the summons. So far as his substantial rights are concerned, he is in the same position as he would have been if the summons had been regular. *Sloan S. Mill* v. *Guttshall*, 3 Col. 11; *Freas* v. *Engelbrecht*, id. 377; *Fleeson* v. *Savage S. M. Co.*, 3 Nev. 157; *Caples* v. *Central P. R. Co.*, 6 id. 268; *Grand Chute* v. *Winegar*, 15 Wall. 355; *Chambers Co.* v. *Clews*, 21 id. 317.

Appellants appeared voluntarily and demurred to the complaint. No appeal was taken from the judgment, and the ruling on the summons was not reviewable by this court. A new trial can only be granted when the substantial rights of the aggrieved party are affected. Civ. Pr. Act, § 233. Appellant should file an affidavit showing that he had been prevented from having a fair trial. Civ. Pr. Act, § 234. Appellant has not been injured and the merits of the controversy are against him. The only thing involved is the time the appellant should have to frame issues and prepare for trial. He was content with this.

Woolfolk & Bullard, for appellant.

The deductions by respondent from *Smith* v. *Curtis*, 7 Cal. 587, are not warranted by the decision therein. The question in *Gale* v. *Tuolumne W. Co.*, 14 Cal. 28, relates to demurrers.

Appellant never waived the errors in the summons, and the first decision of this court was correct. *Deidesheimer* v. *Brown*, 8 Cal. 339; *Lyman* v. *Milton*, 44 id. 634; *Kent* v. *West*, 50 id. 185. These cases are analogous to that at bar. It was not necessary for appellant to appeal from the decision of the court on the motion to quash the summons before trial. These decisions were made under the same sections of the Civil Practice Act as those relied on by respondent.

Appellant excepted to the order of the court affecting the sum-

mons, and his subsequent appearance to prevent a default was not voluntary.

This court cannot on this hearing consider the question of jurisdiction raised by respondent, and the right to appeal from the ruling on the motion to quash the summons cannot be inquired into.

GALBRAITH, J. This is a rehearing upon the question of whether or not the court below erred in overruling a motion to quash the summons; and also, if such action was erroneous, whether or not the judgment against the defendant should be reversed by reason of this error.

The action was for slander and brought to April term, 1876. The summons contained a notice that if the defendant failed to appear and answer the complaint, as required therein, the plaintiff would take judgment against him for the sum claimed in the complaint, and the costs of suit. The defendant appeared specially and moved to quash the summons for the following reasons : First. "That the above notice was not such as is required by law." Second. "That there is a total variance between the summons and the complaint in that the complaint is for unliquidated damages and not upon contract, and the notice contained in the summons should have been in conformity with the second subdivision of section 32 of the Civil Practice Act of Montana Territory * * * instead of the first subdivision of said section." This motion was overruled. The defendant then demurred, which being overruled, he filed his answer. The cause was then continued at the instance of the defendant until the next term, being the April term, of the court for 1877. On the 24th of February, 1877, in pursuance of a stipulation made with the plaintiff, the defendant filed an amended answer. At the April term, 1877, all of the amended answer except the general denial and prayer was stricken out on motion, and the next day a second amended answer filed. To this a motion to strike out was made which was overruled, whereupon the plaintiff replied. The cause was then tried.

There was a verdict and judgment thereon for the plaintiff. A motion for a new trial was made which was refused. The

defendant then appealed. There were several assignments of error, among which was the action of the court in overruling the above motion to quash the summons. The appeal was heard at the January term of the supreme court, 1879, and at the same term the judgment in the court below was reversed on the sole ground that it was error to overrule the motion to quash the summons. The rehearing is, therefore, upon this point alone.

1. The first question presented for our determination is as to whether or not the court erred in refusing to quash the summons. Section 28 of the Civil Practice Act required that " civil actions in the district courts    *    *    *    shall be commenced by the filing of a complaint with the clerk of the court in which the action is brought, and the issuing of a summons thereon." Section 32 of the same act also provided that " there shall also be inserted in the summons a notice in substance as follows: First. In an action arising on contract for recovery only of money, that the plaintiff will take judgment for a sum specified therein, if the defendant fail to answer the complaint. Second. In other actions, that if the defendant fail to answer the complaint, the plaintiff will apply to the court for the relief demanded therein." This being an action for slander the second form of notice should have been in substance inserted in the summons. Although the language used by the legislature in this section, viz.: " there shall also be *inserted* in the summons a notice, *in substance* as follows: " and also, the requirement in section 30 of what the summons shall state, would seem to contemplate that the summons was complete without such notice. Yet the language in section 32 is itself mandatory. The notice mentioned therein is expressly required by the law-making power to be inserted in substance in the summons.

It is not the province of courts to inquire into the expediency or necessity of legislative action, but to see that substantial compliance is made with its requirements when they do not contravene common right or the fundamental law. No more, so far as obedience to the law is concerned, should there be a failure to observe this mandate requiring a particular kind of notice to be inserted in the summons than any other requirement of the

legislature, in relation thereto. The opinions of the courts of those States whose Practice Acts contain the same or a similar provision, so far as we have had access thereto, unite in maintaining that a failure to insert the notices as required is such an irregularity or informality as that a summons so defective will not sustain a judgment by default. *Porter* v. *Hermann*, 8 Cal. 619.

The defendant may appear for the purpose of making a motion to quash such defective summons, and for that purpose alone. The motion to quash the summons was made at the earliest opportunity. There was no express or implied waiver of the informality or irregularity before the motion to quash was made. We must, therefore, conclude that it was error in the court below to overrule the motion to quash the summons and that the same should have been sustained.

2. Had the appellant appealed from a judgment entered against him, upon the overruling of the motion to quash the summons without proceeding further in the action, and stood upon this error alone, our inquiry would be now closed and such judgment be set aside.

In view, however, of the subsequent proceedings in the cause, our next investigation will be in relation to whether or not the action of the court in overruling the above motion was prejudicial to the substantial rights of the appellants, and if not so prejudicial, whether or not, in view of such further proceedings, the judgment should be reversed by reason of such error.

One of the principal objects of the adoption of the Code Practice was to avoid the technicalities of the common-law procedure, by which it was claimed that justice was often defeated. This was certainly a most laudable as well as desirable object. The practical spirit of the age, which will not brook trifling in business affairs, and whose principal aim is utility, demands that courts should endeavor to secure the attainment of this avowed design in the adoption of the Code. It is the general rule now prevailing in the courts, that wherever and whenever substantial justice is secured, a mere technical error, which is harmless in its character, and which has worked no injury, will not be permitted to defeat or annul the final conclusion or consummation of judicial proceedings.

When a party has not been deprived of a substantial right or has not been injured in the course of judicial proceedings by any error of the court in the conduct thereof, the final determination as a general rule should be sustained. A brief examination of section 32, referred to, and the notice contained in the summons in this case, in connection with the character of the action and the relief demanded in the complaint, may be useful as showing how little and immaterial may be the difference in substance in some cases, such as the one at bar, between the kinds of notice mentioned in said section, and may also aid us in concluding as to whether or not the appellant has been injured or deprived of a substantial right by the action of the court in overruling his motion. The notice complained of was defective by reason of a mistake in substituting the notice required in the first class of cases mentioned in section 32, viz.: Actions " arising on, contract for recovery of money only," for that required in the second class of cases, viz.: "other actions."

The notice required in the second class of cases is, that if the plaintiff fail to answer the complaint, the plaintiff will apply to the court for the relief demanded thereon. It will be noticed that in this case the relief demanded is a judgment for money only. It will further be borne in mind that the section itself in question requires only a substantial compliance with its provisions. The only practical difference, therefore, between the kinds of notice in such a case as the one at bar, and such a one as is comprehended in the first class of cases mentioned in the above section, is that in the latter the notice required to be given is that if defendant makes default the plaintiff will take judgment for the sum specified in his complaint, and in the former, that in such a case, the plaintiff will apply to the court for the relief demanded. But the only relief demanded in this case is a judgment for a sum specified. Now the taking of the judgment by the plaintiff, when the defendant makes default, is as really done through the interposition and by virtue of the action of the court, upon the proper proofs being made, as when the court grants the relief demanded.

The failure to insert in the summons the notice required or

the substitution of the wrong notice was not, in our opinion, such a defect as that the summons failed, when proper in all other respects to confer jurisdiction. The authorities generally unite in holding, that if the defendant does not object to the summons when thus defective until after appearance and pleading, the irregularity will be waived. This is not then similar to a case where there is no jurisdiction over the subject-matter, owing to defective process, or where, in an inferior court, the method prescribed by the statute to obtain jurisdiction over the person has not been pursued. In such cases the defect cannot be cured, and the proceedings are not voidable but *coram non judice*, and void. The summons is a writ which requires the defendant to appear and answer the complaint within the period prescribed by law. The summons, as such, would seem to be complete when it contains the requirements mentioned in section 30 of the Practice Act. When it states all which that section requires, it would appear, by the very terms thereof, to be a summons. The language of section 32 of the same act, viz.: "there shall also be inserted in the summons a notice," would also seem to contemplate that it was already a summons before the insertion of the notice. We, therefore, conclude, that in this case the failure to insert the proper notice was simply a technical error — a mere formal defect — which could cause the defendant at furthest but merely a nominal injury.

It may be objected, that the above reasoning, in view of the grounds upon which we found our final conclusion, ought also to sustain the action of the court in overruling the motion to quash the summons; but it must be remembered that our determination in relation to this matter is based upon the fact that the language of the section in question is mandatory. The defendant will be presumed to be injured by the failure of the plaintiff to comply with the provision of the statute in relation to notice, when nothing further appears from the record to have been done by the defendant. The mistake in the notice is a mere technical error, which, however, is by the weight of authority deemed such an irregularity or informality as that a judgment entered in pursuance thereof will be set aside. The plaintiff must com-

ply with an express requirement of the statute, whether necessary or not, or suffer the consequences of his failure by his summons being declared defective, and a judgment by default thereon annulled. What should·be our action, however, when the purpose of the summons has been secured by the action of the defendant himself and no injury has resulted from such defective process? In this case the appellant did not choose to stand upon his motion, but without compulsion (except the fear of a default and judgment thereon, which it has been the universal practice of the courts in similar cases, so far as we have examined the reports, to set aside) appeared and demurred to the complaint, which being overruled, he answered, and thereupon asked and obtained a continuance until the next term, being the period of one year. Also by a stipulation with the respondent he filed in vacation before the commencement of the next term an amended answer. This period, in the absence of any showing to the contrary, was certainly sufficient to answer the complaint of respondent and make all the preparation necessary for trial. The defect in the notice was not such an irregularity or informality as would have caused a dismissal of the suit. The only result obtained, had the appellant's motion been sustained, would have been to delay the cause until a proper summons had been served upon him. By procuring the continuance at the first term the appellant obtained all the advantages which he would have secured had his motion to quash the summons been sustained. Instead of standing upon his motion to quash, the appellant appeared and answered, and thereby compelled a trial upon the merits, which was had, after obtaining, upon his own motion, a continuance for one year to make preparation therefor. One of the principal objects of the Code Practice, as has been already intimated, is the attainment of substantial justice by the trial and adjudication of causes upon their merits, disregarding all immaterial variances, errors and defects not affecting the substantial rights of the parties. The law itself controlling our action in the case of errors or defects in the pleadings or proceedings not affecting the substantial rights of the parties is plain and positive. The statute itself provides that " the court shall, in every stage of an action, disregard any error or

defect in the pleadings or proceedings which shall not affect the substantial rights of the parties ; and no judgment shall be reversed or affected by reason of such error or defect." Civ. Pr. Act, § 79. What then has been the general rule of practice in the courts in the case of such errors and defects dictated by reason and justice is in this Territory made fixed and positive by the express act of the law-making power. What is meant by an error or defect not affecting the substantial rights of the parties? It certainly signifies an error or defect which is harmless in its character and which works no injury. We do not see how the action of the court has in any manner injured the appellant even upon the theory that the notice was an essential or necessary part of the summons, or wherein it affected his substantial rights. The summons was complete in all other respects. It contained all the requirements of what the summons shall state as provided in section 30, which prescribes the requisites of the summons. It gave the defendant full notice of the pendency of the action, its character, and the amount for which judgment was demanded. He had a year's time to prepare for trial. He had his day in court. The trial was had to a jury upon the merits. No injury resulted to the defendant from the defective summons, nor is any injury therefrom claimed by him.

By the continuance he obtained all the time he would have received had his motion been sustained. By analysis of the defect itself complained of, as we have already seen, the difference in the notice given from that required is one more of language than of substance.

Wherein then, by the error complained of has the appellant been injured or his substantial rights impaired?

What alternative, therefore, has the court in its action in view of the positive and mandatory language of section 79 of the Practice Act, above referred to, but to obey its provisions?

We have been unable to obtain access to the opinion of the court, given at the rendering of the former decision of this case. But from a remark contained in the respondent's brief, we believe we are warranted in concluding that the above opinion was in a great measure based upon the decisions of the supreme court of

California, in relation to defective summons; or without reviewing the cases referred to in the arguments of counsel in detail, we will simply say that, upon a careful examination of them, we are unable to see their application to the case at bar, in all its aspects as presented to us.

It would seem that as to whether or not the error complained of being a harmless one, was comprehended within the provisions of the Practice Act, contained in section 79 above referred to, and which is identical with that in California, was not presented in the argument of counsel or even adverted to in the opinion of the court. But in the case at bar this phase of the question is presented, and we must, in our decision thereon, act in view of this wise, just and salutary provision of the law. But we can have little doubt, upon due consideration, as to what, of necessity, would be the action of the supreme court of that State in a case where the provisions of the above section are applicable. That court has specified the object of the summons, and has also stated that, when after a defective summons the defendant appears and pleads, there is no injury. In *Smith* v. *Curtis*, 7 Cal. 584, the court, BURNETT, J., giving the opinion, says: " The only object of a summons is to bring a party into court, and if that object be attained by the appearance and pleading of .a party, there can be no injury to him."

Applying then to such a case the provisions of the section in relation to errors and defects not affecting the substantial rights of the parties, and how could a judgment rendered therein, otherwise unassailable, be reversed or affected thereby ?

In *Converse, Administrator,* v. *Warren,* 4 Iowa, 158, there was an entirely defective service of the summons, and the court there held that, although the appellant might have stood upon his bill of exceptions to the action of the court below in overruling his motion to set aside the return of service, and instead of so doing applied for and obtained a continuance, and at the second term the cause was again continued, and after trial judgment was rendered for plaintiff, about one year after the defective service of summons, the appellant could not assign the overruling of his motion as error.

WOODWARD, J., in delivering the opinion of the court, says: "To permit the party to take the objection now, after he has had all the time and all the opportunity which he would have had by granting his motion after a full and fair trial, under any time for preparation, would bring a reproach upon the law, which would be richly merited. The case comes within that class in which it is often held that an error which works no injury shall not vitiate."

It will be remembered that at the period of this decision, the Practice Act of Iowa did not contain either the same or a similar provision as the one above referred to, viz., section 79, in relation to errors and defects not affecting the substantial rights of the parties. It must have been, therefore, that the court so held because the rule was in accordance with the intention and spirit of the Code, and founded in reason and justice.

In this case WRIGHT, C. J., concurred in the decision, but dissented from the reasons assigned therefor. In a separate opinion he says: "I desire to say that I think the service upon defendant was clearly defective for the reasons stated in the foregoing opinion, but hold that, by pleading over and going to trial, he waived the right to afterward object to the sufficiency of the service." "I am clearly of the opinion that under our law and system of practice, as recognized by our earliest and latest decisions, the defendant, if he would ask the decision of this court upon such a question, must stand upon his motion, and leave the plaintiff to take his own course in the cause, and that by pleading over he waives the objection whether the trial is at the same or a subsequent term. He is not compelled to plead over or make any further appearance. If he does so, he thus voluntarily submits to the jurisdiction, and his right to complain of the decision on his motion is by that act as completely taken away as it is by any number of after continuances, motions and trials."

Without at present intimating concurrence or non-concurrence in this opinion of Chief Justice WRIGHT, until a case requiring it shall be presented for adjudication, we deem it sufficient, in view of the history of this case, to base our final determination upon the following grounds, viz.: That although the action of

the court in overruling the motion to quash the summons was erroneous, yet such error, as is evident from the history of the cause as shown by the record, was harmless and without injury to the defendant. In other words, it was error without prejudice. And also upon the express and positive language of the law in relation to errors and defects not affecting the substantial rights of the parties, which we believe is in harmony with the spirit of the case, and founded upon reason and justice.

The former order of this court reversing the judgment is annulled, and the judgment below is affirmed with costs.

*Judgment affirmed.*

WADE, C. J., concurred.