[No. 14088.    Department One. — September 11, 1891.]

WILLIAM BEHLOW, RESPONDENT, v. J. DE BARTH SHORB ET UX., APPELLANTS.

ACTION FOR GOODS SOLD AND DELIVERED — CONTENTS OF SUMMONS — REFERENCE TO COMPLAINT — STATEMENT OF AMOUNT OF JUDGMENT UPON DEFAULT. — A summons, in an action for goods sold and delivered, stating that the action was brought to obtain a judgment for a specified sum, with legal interest thereon until paid, alleged to be due plaintiff upon account, and for costs of suit, and referring for particulars to the complaint, and containing a notice that in case defendants failed to appear and answer as required under the law, the plaintiff would "take judgment as prayed for," although not stating in terms the amount for which judgment would be taken, in effect complies with the requirements of the statute.

ID. — PLACE OF SALE OF GOODS — PLEADING — DEMURRER FOR UNCERTAINTY. — It is not necessary to state, in a complaint in an action for goods sold and delivered, where the goods were sold; and a demurrer for uncertainty will not lie for want of such averment.

APPEAL — MODIFICATION OF JUDGMENT. — Where the judgment as entered was for more than the amount found to be due by the court, the judgment will be modified upon appeal by striking therefrom the excess.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.

The facts are stated in the opinion.

*Chapman & Hendrick*, for Appellants.

The court erred in not quashing the summons and setting aside the service thereof. The notice in the summons is manifestly insufficient; it does not state the amount for which judgment will be taken. (Code Civ. Proc., sec. 47, subd. 4.) The provisions of the statute are mandatory, and the summons must contain what the statute requires. (*Lyman* v. *Milton,* 44 Cal. 630; *Ward* v. *Ward,* 59 Cal. 139.)

*Louis Luckel,* and *Gottschalk & Luckel,* for Respondent.

If it be conceded that the summons was defective, yet the defendant, by pleading to the merits, waived his objections to all defects' therein. (*Sears* v. *Starbird,* 78 Cal. 226; *Lyons* v. *Roach,* 84 Cal. 29.) The defect in the summons could not affect the substantial rights of the parties, and should be disregarded. (*Ex parte Fil Ki,* 79 Cal. 586; *King* v. *Ponton,* 82 Cal. 424.) The provisions of the code should be liberally construed, with a view to promote justice. (Code Civ. Proc., secs. 4, 452, 475.)

BELCHER, C.— This is an action on account for goods, wares, and merchandise alleged to have been sold and delivered by plaintiff to defendants between the first day of May, 1887, and the first day of March, 1888, and to have been of the value of $2,843.25.

The defendants moved the court to quash the summons issued in the action and served upon them, upon the ground that it did not state the amount for which the plaintiff proposed to take judgment.

The portion of the summons objected to as insufficient reads as follows: " The said action is brought to obtain a judgment of said court for the sum of $2,843.25, with legal interest thereon from March 1, 1888, until paid, alleged to be due plaintiff upon account, and for costs of suit. Reference is had to complaint for particulars. And you are hereby notified that if you fail to appear and answer the said complaint, as above required, said

plaintiff will cause your default to be entered, and take judgment as prayed for."

The motion was denied, and an exception reserved. Shortly afterwards, the plaintiff, after due notice to defendants' attorney, moved that the summons be amended so as to meet the objections urged against it; but this application was resisted by the defendants, and thereupon denied by the court.

After their motion was denied, the defendants demurred to the complaint on the ground,—1. That it did not state facts sufficient to constitute a cause of action; and 2. That it was uncertain, ambiguous, and unintelligible in that it did not appear therefrom where the said goods were sold.

The demurrer was overruled, and the defendants then answered. They averred that the whole sum sued for had been paid, and that no part thereof was then due or payable to the plaintiff. They also, by way of counterclaim, averred that they sold, and on the twenty-third day of August, 1888, conveyed, to plaintiff a certain piece of land for and in consideration of the sum of five thousand nine hundred dollars, and "that at the time of the execution of the said conveyance, the said plaintiff had agreed to sell and deliver the goods, wares, and merchandise mentioned in the complaint, and to do certain work for the defendants; and it being then uncertain what the amount and value of said goods or of said work and labor would be, it was agreed between the plaintiff and the defendants that when the said contract on the part of the plaintiff had been performed, if the reasonable value of the same amounted to less than the consideration for said land, to wit, five thousand nine hundred dollars, the said William Behlow should pay to the defendants the difference between the value of said goods and labor, and if the value of said goods and labor amounted to more than the sum of five thousand nine hundred dollars, these defendants would pay to the plaintiff the difference between the said purchase price of said land and the value of said goods and labor. And

defendants further aver that no part of the consideration for said conveyance was paid by the plaintiff at the time, or at any other time, except under the contract aforesaid, and that after deducting the amount stated in the complaint as the value of the said goods, to wit, $2,843.25, there remains due and owing to the defendants from the said plaintiff the sum of $3,056.75, no part of which has been paid." And for the last-named sum, and costs, they prayed judgment.

The case was tried by the court without a jury, and the findings were, in substance, that there were two distinct transactions between the parties; that between the dates named in the complaint the plaintiff sold and delivered to defendants the goods, wares, and merchandise sued for, and that the same were to be paid for in money, and the full and reasonable value thereof was the amount demanded, no part of which, or any interest thereon, had ever been paid; that the conveyance of the land for $5,900, set up in the counterclaim, was not in consideration of the sale and delivery of the goods sued for, but of other goods received from plaintiff by defendants at or about the time of the delivery of the said deed, the value of which last-mentioned goods amounted to the sum of $6,039.96; that the value of all the goods sold and delivered by plaintiff to defendants was $8,883.21, and the total value of the land conveyed to plaintiff was $5,900, and that besides the land nothing was paid to plaintiff on account of said goods or otherwise, by defendants, or either of them; that nothing was due the defendants from plaintiff by reason of the matters set up in their counterclaim; and as conclusions of law, that plaintiff was entitled to judgment against defendants for the sum of $2,843.25, with interest thereon at the rate of seven per cent per annum from March 1, 1888, until paid, and his costs.

Judgment was accordingly entered on the twenty-eighth day of December, 1889, for the sum of $3,261.21 and costs, and that defendants take nothing by reason of their counterclaim.

From this judgment and an order denying a new trial, the defendants appeal.

1. The first point made for a reversal is, that the court erred in refusing to quash the summons. It is said the notice in the summons was insufficient because it did not state the amount for which judgment would be taken, in case the defendants failed to appear and answer, as required by section 407, subdivision 4, of the Code of Civil Procedure. We think the summons, in effect, complied with the requirements of the statute.

2. It is claimed that the demurrer ought to have been sustained, upon the ground that the complaint was uncertain and ambiguous. We see nothing in this point. It was not necessary for the plaintiff to state in his complaint *where* the goods were sold.

3. It is earnestly contended that the findings were not justified by the evidence; that the sales of the goods were not separate and distinct transactions; that plaintiff, by splitting his demand and suing for a part of it, waived any right to ever sue for the balance, and hence that defendants could interpose and maintain any defense to this action that they could have interposed and maintained to the whole demand if sued upon.

It is unnecessary to state the evidence, which covers a hundred pages of the transcript. There was some conflict, but after reading the whole of it, we are of the opinion that it was amply sufficient to justify the findings and decision of the court. The judgment cannot therefore be reversed on this ground.

4. Finally, it is suggested that the judgment is for fifty-three dollars more than the amount found to be due, with the interest thereon at the rate and for the time allowed. This seems to be so, but the point appears to be made here for the first time. If the suggestion had been made to the court below, doubtless the error in the computation of interest would have been corrected at once.

It follows, in our opinion, that the judgment and order should be affirmed, except that the court below should be directed to modify the judgment by striking there-

from the sum of fifty-three dollars, the costs of the appeal to be borne by the appellants.

TEMPLE, C., and VANCLIEF, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed, and the court below is directed to modify the judgment by striking therefrom the sum of fifty-three dollars, the costs of the appeal to be borne by the appellants.

Hearing in Bank denied.