SCHUTTLER ET AL., APPELLANTS, *v.* KING, RE-
SPONDENT.

[Submitted February 24, 1892.  Decided May 24, 1892.]

SUMMONS — *Sufficiency* — *Judgment by default.* — A summons in an action or contract for the recovery of money or damages only, which notifies the defendant to appear and answer the complaint within a stated time "or judgment by default will be taken against you according to the prayer of said complaint," followed by a statement of the cause and general nature of the action, setting forth the specific sum claimed to be due, and which concludes with the further notice that "if you fail to appear and answer said complaint as above required, the plaintiff will apply to the court for the relief demanded," is sufficient to support a default judgment under the provisions of section 68 of the Code of Civil Procedure, because such a summons does in fact notify the defendant of

the amount for which plaintiff will take judgment in case of default, and substantially complies with the requirements of said section of the Code. (*Sawyer* v. *Robertson*, 11 Mont. 416, distinguished. DE WITT, J., dissenting.)

JUDGMENT BY DEFAULT — *Amendment to complaint.* — Where an amendment is made to a complaint in an action upon a contract for the payment of money, so as to include interest upon the demand to the date of the judgment, and judgment is thereupon taken by default without farther service upon the defendant, the judgment will be modified on appeal to conform to the amount stated in the summons.

*Appeal from First Judicial District, Lewis and Clarke County.*

Action upon promissory note. Plaintiff had judgment by default and appeals from an order by BUCK, J., vacating the judgment.

*W. M. Blackford,* for Appellants.

As to the sufficiency of the summons, counsel cites *Dyas* v. *Keaton,* 3 Mont. 495; *Hemson* v. *Decker,* 29 How. Pr. 385; *Brown* v. *Eaton,* 37 How. Pr. 325; *McCoun* v. *N. Y. & H. R. R. R. Co.* 50 N. Y. 176; *Clarke* v. *Gunn,* 90 Cal. 504; 27 Pac. Rep. 375; *Miller* v. *Zeigler,* 3 Utah, 17, 23; 5 Pac. Rep. 518, 521; *Woolner* v. *Zeigler,* 3 Utah, 23; 5 Pac. Rep. 522; *Berry* v. *Bingham* (S. Dak.), 47 N. W. Rep. 825; *City of Fond du Lac* v. *Bonsteel,* 22 Wis. 242; *Gay* v. *Grant* (N. C.), 8 S. E. Rep. 99; *Williams* v. *Buchanan,* 75 Ga. 789; *Baker* v. *Thompson,* 75 Ga. 165; *Oryls* v. *Goldsmith,* 64 How. Pr. 71; *Bewick* v. *Muir,* 83 Cal. 368; *King* v. *Blood,* 41 Cal. 315; *McCoun* v. *N. Y. & H. R. R. R. Co.* 50 N. Y. 176. The amendment to the complaint was not of one substance, and therefore did not need to be served. (*Barber* v. *Briscoe,* 8 Mont. 218, 219. See, also, *Ke-tuc-e-mun-guah* v. *McClure,* 122 Ind. 541; 23 N. E. Rep. 1080; *Carpenter* v. *Sheldon,* 22 Ind. 259; *Webb* v. *Thompson,* 23 Ind. 428; *Johnson* v. *Rider* [Iowa], 50 N. W. Rep. 36; *Durie* v. *Anderson* [Tex.], 16 S. W. Rep. 345.)

*Thos. C. Bach,* for Respondent.

The statement in the summons in this case is no notice of the amount of the judgment to be taken; it is not in compliance with the law, and the court obtains no jurisdiction of the person. (*Dyas* v. *Keating,* 3 Mont. 495; *Sawyer* v. *Robertson,* 11 Mont. 416; *Porter* v. *Herman,* 8 Cal. 619; *Ward* v. *Ward,*

59 Cal. 139. See generally, *Lyman* v. *Milton*, 44 Cal. 633.) There was no answer or demurrer, and the case is clearly within section 115 of the Code of Civil Procedure, and service of the amended complaint should have been made upon the defendant. (*Elder* v. *Spinks*, 53 Cal. 293; *McGrary* v. *Pedronna*, 58 Cal. 91; *Thompson* v. *Johnson*, 60 Cal. 292.)

HARWOOD, J. — This action was brought in the District Court of the First Judicial District of this State, in and for the county of Lewis and Clarke, to recover a balance alleged to be owing and due from defendant to plaintiffs on a promissory note. Plaintiffs allege in their complaint that during all the times mentioned therein plaintiffs were copartners, doing business under the firm name and style of Schuttler and Hotz, at Chicago, in the State of Illinois; that on the twenty-second day of January, 1885, said defendant King, and others, for a valuable consideration, executed and delivered to plaintiffs, in their said firm name as copartners, a certain promissory note of that date for the sum of $679.74, due on the thirteenth day of September, 1885, with interest after maturity at the rate of ten per cent per annum. Following the above averments is paragraph 3 of the complaint, which alleges: "That on the third day of January, 1887, the said J. R. King paid on said note the sum of $91.69; that no other sum or amount has been paid on said note, and that there is now due and unpaid on the same from said defendant King, the sum of nine hundred and forty-nine dollars and forty cents ($949.40), principal and interest, to this twenty-seventh day of December, 1890." The complaint further alleges: "That plaintiffs are now the owners of said note, and entitled to receive the money due and unpaid thereon; that said plaintiffs, or either of them, have not indorsed or transferred said note, but that the same since its maturity has been lost. Wherefore, plaintiffs demand judgment against said defendant for the sum of $949.40, principal and interest to date, and for his costs of suit."

Said complaint was filed December 27, 1890, and summons appears to have been issued thereon the same day, and duly served upon said defendant King, personally, on the thirteenth day of January, 1891, in Lewis and Clarke County. The

parts of the summons which relate to the questions discussed on this appeal read as follows: "You are hereby required to appear in an action brought against you by the above-named plaintiffs, in the District Court of," etc., "and to answer the complaint filed therein within," etc., "or judgment by default will be taken against you, according to the prayer of said complaint. That said action is brought to recover the sum of $949.40, principal and interest now due and owing to plaintiffs upon one certain note of date January 22, 1885, made, executed, and delivered for a valuable consideration, by the above-named defendant and Wheatly brothers to said plaintiffs. And you are hereby notified that if you fail to appear and answer the said complaint as above required, the said plaintiffs will apply to the court for the relief demanded in the complaint."

On the 6th of July, 1891, the following order was made in said action by the court: "On motion court this day granted plaintiffs leave to amend complaint by interlineation; whereupon, on motion of said plaintiffs, court ordered that default of defendant be, and the same is hereby entered, and thereupon ordered that judgment be entered in favor of said plaintiffs, and against said defendant in the sum of $977.47, and costs in the sum of $9.10." It appears that pursuant to said order allowing amendment of the complaint, the third paragraph thereof was amended by adding to the total sum ($949.40)· therein originally stated as due on the twenty-seventh day of December, 1890, the amount of interest accrued on said note from that date to July 6, 1891, making said paragraph read, as amended: "There is now due and unpaid on said promissory note the sum of $977.47, principal and interest to this sixth day of July, 1891;" and the demand for judgment in said complaint was amended accordingly, so as to demand judgment for the sum of $977.47.

No further service on defendant of the complaint as amended, or of the summons was made, but thereupon judgment by default was entered on said sixth day of July, 1891, against defendant King, for the recovery of said sum of $977.47, and costs, reciting the service of summons, and his failure to answer the complaint within the time required by law. It appears that execution was thereafter issued out of said court to enforce said judgment,

and levied on land of defendant King, situate in Park County, this State, and the same was sold thereunder on the ninth day of November, 1891. Thereafter, on the second day of December, 1891, notice of motion to vacate and set aside said judgment, setting forth the grounds thereof, was duly served and filed in said court; and on the third day of December, 1891, said motion was by the court granted, and an order entered vacating and setting aside said judgment. Thereupon plaintiffs prosecuted this appeal from said order.

The questions argued, and to be determined on this appeal are: (1) Is the summons, as issued and served in said action, sufficient as to the notice therein set forth, to authorize the entering of judgment by default therein? (2) Was the amendment of said complaint material, so as to entitle defendant to further service of process, or service of a copy of the complaint as amended?

*First,* as to the notice in the summons. In the case of *Sawyer* v. *Robinson,* 11 Mont. 416; 28 Pac. Rep. 458, this court had occasion recently to consider and determine a kindred question. That case is cited by respondent, but it does not, in our opinion, have but slight bearing on the questions involved here. In that case it was held that the summons was not sufficient to support a default judgment. Why? Because the action was for the recovery of damages for an alleged tort, and not an action arising upon or growing out of any contractual relation between the parties; and the notice in the summons was to the effect that upon failing to answer, judgment by default would be taken against him for the amount of the alleged damages. As shown in that case, the statute provides that "in an action arising on contract for the recovery of money or damages only," the notice shall be, that "unless defendant so appears and answers, the plaintiff will take judgment for the sum demanded in the complaint stating it" (§ 68, Code Civ. Proc.); and judgment in such an action may be entered on default of answer by the clerk of the court. (§ 245, Code Civ. Proc.) In that action, after much consideration, we held that where the action was not of the nature upon which judgment could be entered for the amount claimed and stated in the summons, as a matter of course, on default of answer —

that is, in an action where the plaintiff must apply to the court for the relief demanded, and where no authority is given by statute to enter a judgment for the amount claimed, as a matter of course, on default — the summons which gave notice that on failure to answer plaintiff would take judgment for the stated amount, was insufficient. There appears to be substantial reasons for this holding, which are readily perceived, and which the statute has recognized. In an action arising on contract for the recovery of money or damages only, the parties have fixed the conditions between themselves by contract, which furnishes the basis for the recovery. That is the only class of actions in which the statute appears to permit a strictly default judgment to be entered against the defendant "for the amount specified in the summons." This judgment may be entered by the clerk, on application by the plaintiff. But such a summary judgment, taken in an action not of that class, appears to be without authority of law. (§ 245, Code Civ. Proc.) It was important that in the great variety of actions not arising on contract, among which was the case of *Sawyer* v. *Robinson, supra*, the summary entry of judgment on default for the amount claimed, should not be made, but the plaintiff should *apply to the court for the relief demanded*, and the statute so provides. It was said considering these conditions, that the statute thus providing, was mandatory. It should be so held for the reason that in actions other than those for the recovery of money or damages arising on contract, the defendant has in law the substantial right that the court shall be applied to for the relief demanded, and have the same measured out by the court, instead of having judgment summarily entered for the relief demanded.

Now, in the case at bar the question is just the converse of that determined in *Sawyer* v. *Robinson, supra*. Here the question is whether, in an action on contract for a specific sum of money, fully set forth in the summons as to the amount claimed to be due, is the notice in the summons sufficient if it states that the plaintiffs will apply to the court for the relief demanded in the complaint; and having applied to the court in such action, and obtained from the court a judgment in default of answer by defendant, for the amount stated in the summons, is that

judgment subject to be set aside on the ground that the notice in the summons does not fulfill the requirements of section 68 of the Code of Civil Procedure?

The whole summons is in fact a notice to defendant. He is addressed with the notice that: "You are required to appear in an action brought against you by the above-named plaintiffs, in the District Court, . . . . to answer the complaint filed therein," within the stated time, "or judgment by default will be taken against you according to the prayer of said complaint. The said action is brought to recover the sum of $949.40, principal and interest now due and owing to plaintiffs upon a certain promissory note of date January 22, 1885, made, executed, and delivered by the above-named defendant," etc. Then follows a further notice that: "If you fail to appear and answer said complaint as above required, the plaintiffs will apply to the court for the relief demanded." Was this summons a notice to defendant of what judgment would be taken against him in case he failed to appear? If it was such notice the statute was fulfilled, for the only contention as to the summons is that it did not give him such notice, and all the stress in this argument is laid on the latter part of the summons, where it is said the plaintiff will apply to the court for the relief demanded. The defendant knowing the law, knew that if the party saw fit to apply to the court for said judgment, instead of taking a summary entry thereof by applying to the clerk, such course was within the provisions of the Code, and that the court was forbidden, in the absence of answer, to enter a judgment exceeding the amount "demanded in the complaint." (§ 241, Code Civ. Proc.) The action was brought to recover a stated balance alleged to be due on a certain described promissory note. Defendant knew that if any other judgment was entered it would be unsupported by the judgment roll. Although the Code provides for the entry of judgment in default of answer by the clerk, in an action to recover a stated sum of money due on contract, still there can be no question that the Code contemplates that a party may apply to the court in such action, instead of the clerk. (§ 241, Code Civ. Proc.)

The distinction between the case of *Sawyer* v. *Robinson, supra,* and this, is substantial. In the former the action was for dam-

ages arising by reason of the alleged commission of a tort. In this the action is for money alleged to be due on a promissory note, and the distinction is, that in the former the defendant has the substantial right of having the court assess what the recovery shall be, or, in other words, the plaintiff must apply to the court for the relief demanded, instead of taking a summary judgment by default for the amount plaintiff was pleased to demand in his complaint.

There is no doubt respondent has at least apparent authority for his contention that the notice in the summons was defective in not stating that on failure to answer, plaintiff would take judgment for a certain sum, stating it, instead of saying he would apply to the court for the relief demanded in the complaint.

In *Dyas* v. *Keating*, 3 Mont. 498, the language of the opinion was strong to the effect that the requirements of the statute concerning the notice in the summons is mandatory, although in that case the point was not directly involved, for summons had been waived by the appearance. The early cases in California, relied on in Montana in questions of practice because of the similarity of the Codes, were also emphatic in the same direction. So that the court below was not without apparent authority for making the order appealed from in this case. However we approached this inquiry as to whether the notice in the summons before us, taking it altogether, was sufficient, expecting to find respondent fortified on the negative of that question with more and stronger authorities than we have found on thorough investigation.

The only case cited by respondent which appears to be in point, is *Ward* v. *Ward*, 59 Cal. 141. In that case, as reported, the summons is not set out. It is, therefore, uncertain how much likeness there is between that and the case at bar, as to the matter stated in the summons, except that in both it is stated that the plaintiff will apply to the court for the relief demanded. As to that case, see also, *Bewick* v. *Muir*, 83 Cal. 368. In the case of *Behlow* v. *Shorb*, 91 Cal. 141, the action was on account for goods sold and delivered. The summons stated that "the said action is brought to obtain a judgment of said court for the sum of $2,843.25, with legal interest thereon from March 1, 1888, unpaid, alleged to be due plaintiff upon

account, and for costs of suit. Reference is had to complaint for particulars, and you are hereby notified that if you fail to appear and answer the said complaint, as above required, said plaintiff will cause your default to be entered, and take judgment as prayed for." As shown by the note to that case in 27 Pac. Rep. 547, the provision of the Statute of California, under consideration, is the same as our own Code. In passing upon the assignment that the summons was insufficient in that case, the court said: "It is said the notice in the summons was insufficient because it did not state the amount for which judgment would be taken in case the defendants failed to appear and answer as required by section 407, subdivision 4 of the Code of Civil Procedure. We think the summons in effect complied with the requirements of the statute." When the statement in the summons in the case at bar is carefully compared with the case of *Behlow* v. *Shorb, supra,* it will be found that the two are substantially alike. In each case it is specifically stated for what amount the action is brought, and in each case it is stated that judgment will be sought for the amount prayed for. (See, also, the case of *Berry* v. *Bingham* [S. Dak.], 47 N. W. Rep. 825, and other cases cited in appellant's brief.) It is true that in some of them the statute governing provided that a copy of the complaint should be served with a summons, and while this difference may, on first impression, seem to be a very material one, still on principle it cannot be considered of such great importance. The point urged in all of those cases, as in the case at bar, was that the statute had not been exactly complied with in the notice given; and if, as a matter of practice, the Code admits of no deviation whatever, the question would be the same if the statute was not strictly complied with, whether the complaint was served with the summons or not. Moreover, under our system the public office is open to defendant, and he is notified that the complaint is there filed, subject to his inspection, and he may examine it if he sees fit to give that much attention to the subject.

The framers of the Code understood that slight irregularities or departures from its letter in these matters of practice would happen in the course of litigation, wherein acumen would find cause for objection, and seek thereby to overthrow all that had

been done in the case. They knew that after these rules of practice had been inscribed on the statute books, all such objections would be prefaced by the imperative declaration *ita lex scripta.* Therefore, they inserted in the Code provisions which at once indicated the intent of its framers, and furnished a salutary rule for the construction of these provisions as to practice, which reads as follows: "The court shall, in every stage of an action, disregard any error or defect in the pleadings or proceedings, which shall not effect the substantial rights of the parties; and no judgment shall be reversed or effected by reason of such error or defect." (§ 119, Code Civ. Proc.) The courts are thereby required to inquire whether the defect complained of is one which affects the substantial right of the party complaining; if it does not, the proceedings must not be overturned for the reason that such slight error or defect has occurred in the proceedings. (See, also, § 100.) It seems that the language used in the case of *Ward* v. *Ward, supra,* and *Lyman* v. *Milton,* 44 Cal. 630, is not quite in harmony with the spirit of the Code of California upon the subject under investigation, and it also seems that in the later case of *Bewick* v. *Muir, supra,* it is acknowledged in effect that the spirit of those decisions was too arbitrary in at least the language used. Indeed, we do not see how it can be fairly maintained that the case of *Behlow* v. *Shorb, supra,* does not in fact overrule the case of *Ward* v. *Ward, supra,* relied on by respondent in this case.

Defendant was notified by summons personally served on him of the cause and nature of the action, the promissory note sued on, and the amount for which judgment was sought. He was notified to answer if he had any defense. From reading the summons it clearly appears that if defendant had executed said promissory note for said amount, with the other conditions stated in the summons, it was not even necessary for him to examine the complaint in order to know exactly for what amount judgment could be lawfully rendered against him in that action. Even conceding that there was a defect in the summons, still no one attempts to maintain that any substantial right was affected thereby; nor that the judgment entered was "for the twentieth part of one poor scruple" more than was due on the promissory note mentioned in the summons, for

which the summons informed the defendant, action was brought, and judgment was sought; nor that in case these proceedings were overthrown for the alleged defect which respondent contends was in the summons, and the appellant was thereby compelled to retrace his steps through these proceedings, the result would be different to the extent of a farthing, unless defendant had a substantial defense, and if he had it was his duty and his privilege to appear in the action at the proper time and present it.

unless defendant had a substantial defense, and if he had it was his duty and his privilege to appear in the action at the proper time and present it.

As to the amendment of the complaint, so as to enter judgment for the interest accrued on said promissory note from the date of commencing action to the time of entering judgment, said amendment we think was unnecessary. Upon the allegations as originally stated in the complaint, no doubt said interest could have been included in the judgment. But the summons did not notify defendant that the action was brought for anything more than $949.40. It stated nothing about any further accruing interest, and although plaintiff applied to the court, and the court caused to be entered judgment for no more than was due, according to the complaint, still we think it would be a dangerous precedent to allow judgment to be taken on default for a greater sum than mentioned in the summons, either by way of direct specific statement, or, if for interest, by stating the data upon which such interest would be cast. It is proper to note, also, that we think it a dangerous precedent to allow any material amendment of the complaint where default is made, and enter judgment without further service, according to such amendment. (Code Civ. Proc. §§ 241 and 245.) So that in this case, although the interest undoubtedly was shown to be due on the paper sued on, the judgment should be modified by reducing the same from $977.47, as entered, to the sum of $949.40, as stated in the summons.

With such modification it follows that the execution and sale thereunder was for $28.07 more than should have been, as appears by the return set forth in the record. It will therefore be ordered that the appellants pay said excess of $28.07 to the clerk of this court, before *remittitur* is issued herein, and on receipt of said excess the clerk will cause the same to be paid to respondent, or his legal representative.

Judgment of the court below modified as above provided, and the order appealed from is reversed and set aside.

*Order reversed.*

BLAKE, C. J., concurs.

DE WITT, J. (*dissenting*). — The statute provides, in reference to summons, as follows: —

"Sec. 68. The summons must be directed to the defendant, signed by the clerk, and issued under the seal of the court, and must contain : —

"*Fourth.* In an action arising on contract, for the recovery of money or damages only, a notice that unless the defendant so appears and answers, the plaintiff will take judgment for the sum demanded in the complaint (stating it).

"*Fifth.* In other actions, a notice that unless defendant so appears and answers, the plaintiff will apply to the court for the relief demanded in the complaint."

The summons in this action contained the following notice: "And you are hereby notified that if you fail to appear and answer the said complaint, as above required, the said plaintiffs will apply to the court for the relief demanded in their complaint."

It is settled in this court that if the cause of action be one in which the plaintiff must apply to the court in order to obtain judgment that the summons must be what has become to be called a "relief summons" (§ 68, 5th div. Code Civ. Proc.), and that if the summons in such case simply notify the defendant that plaintiff will, upon default, take judgment in a given sum, it is insufficient. (*Dyas* v. *Keating,* 3 Mont. 495; *Sawyer* v. *Robertson,* 11 Mont. 416; 28 Pac. Rep. 456.) This is also true in States having code provisions similar to our section 68 of the Code of Civil Procedure. (*Sweeney* v. *Schultz,* 19 Nev. 53; *Atchison etc. R. R. Co.* v. *Nichols,* 8 Colo. 189; *Brown* v. *Eaton,* 37 How. Pr. 325.) But in the case at bar we have the converse of the proposition. The cause of action is upon a contract, a promissory note, for the recovery of money only. In such case the Code provides that the notice in the summons shall be: "That unless the defendant so appears and answers, the plaintiff will take judgment for the sum demanded in the

complaint (stating it)." Is the summons sufficient if it omits this notice, and contains the notice that the plaintiff will apply to the court for the relief? The California Supreme Court answered this proposition in the negative in *Ward* v. *Ward*, 59 Cal. 139. From that proposition I am not aware that the California court has receded.

In *King* v. *Blood*, 41 Cal. 314, the question was not upon the nature of the notice in the summons, but rather upon the sufficiency of the description of the general nature of the cause of action. *Bewick* v. *Muir*, 83 Cal. 368, was upon the same point.

In *Clark* v. *Palmer*, 90 Cal. 504, the action was for relief, and not on contract for the recovery of money only. The notice in the summons was that "plaintiff will take judgment against you for the relief demanded in his complaint." The court simply held that this was "in substance a notice that he would 'apply to the court' for that relief," and hence the notice satisfied the statute. The case did not hold that a "demand" notice was good in a "relief" cause of action, or *vice versa*.

The last California case to which my attention has been called is *Behlow* v. *Shorb*, 91 Cal. 141; 27 Pac. Rep. 546; but that case did not treat of the distinction between the two sorts of summons. The question was whether the summons stated the amount for which judgment would be taken in case defendants failed to appear. The court held that it did state the amount, so I do not find that the ruling in *Ward* v. *Ward*, *supra*, has been disturbed.

In *Lyman* v. *Milton*, 44 Cal. 630, it is said: "Its form (the summons) is prescribed by law; and whatever the form may be it must be observed, at least substantially."

The doctrine of the California cases, and of Nevada and Colorada, *supra*, is that the provisions of the Code, in reference to the notice in the summons, are mandatory. This was also said in *Dyas* v. *Keating*, *supra*, and in *Black* v. *Clendenin*, 3 Mont. 48.

In *Sidwell* v. *Schumacher*, 99 Ill. 433, the court says: "While there is some conflict of authority upon this subject, yet it is believed that the weight of authority establishes the proposition that where the law expressly directs that process shall be in a

specified form, and issued in a particular manner, such a provision is mandatory, and a failure on the part of the official, whose duty it is to issue it, to comply with the law in that respect will render such process void."

Speaking of the distinctions between the two descriptions of causes of action, and the respective summons thereupon, this court said, in *Sawyer* v. *Robinson, supra:* "The notice .required to be in the summons is based upon the same distinction, and ought to be observed."

The argument presented why a "relief" summons is sufficient on a complaint for the recovery of money, is this: That, in a money demand upon a contract, although the clerk may enter default and judgment, yet that power to so enter judgment is inherently in the court, and that if defendant is notified that plaintiff will go to the court to obtain his judgment, he cannot be misled to his prejudice. I notice in this connection, cited by appellant, *Hemson* v. *Decker,* 29 How. Pr. 385; *Brown* v. *Eaton,* 37 How. Pr. 325; *McCoun* v. *N. Y. & H. R. R. R. Co.* 50 N. Y. 176; *Berry* v. *Bingaman* (S. Dak.), 47 N. W. Rep. 825; *Miller* v. *Zeigler,* 3 Utah, 17. But in each of these cases it is to be noticed that they were decided under a practice requiring a copy of the complaint to be served on the defendant, and in each case a copy of the complaint was so served, and this fact was noted and relied upon in each decision, and in *Brown* v. *Eaton, supra,* the court deemed this fact of such importance to the decision that the words stating this fact are by the court italicized. *McCoun* v. *N. Y. & H. R. R. R. Co. supra,* was decided on the ground of the non-appealability of the order. But the court says: "The plaintiff doubtless erred in making his summons as in an action upon contract, but as the mistake was cured by serving with it a copy of the complaint, the order of the court below should be affirmed, if the appeal is not dismissed. I am for a dismissal of the appeal." So the court holds that the summons was irregular, but that it was cured by the service of a copy of the complaint. The Utah case, *Miller* v. *Zeigler, supra,* follows the New York cases; so with the South Dakota case, *Perkins* v. *State.* But serving a copy of the complaint is not the practice in this State, and the support, which the above cases have in the fact that a copy of

the complaint was served, is absent from the case at bar. We have the summons alone, and a requirement of such summons, which has been declared to be mandatory, is omitted. The legislature undoubtedly had the right to declare what should be the constituent part of a summons. They have made that declaration. This court has determined that such declaration is mandatory. This mandatory requirement is neglected in the summons in question. Although the exact point in controversy has never been decided in this court, as it has been in California, I am of opinion that this court has gone so far in declaring these provisions of the code mandatory, that a recession from that direction of decision is more appropriate to legislation than to judicial action.

I am of opinion that under the tendency of decision, the summons was properly declared void.