[S. F. No. 1502. In Bank.—October 8, 1898.]

CATHERINE STANQUIST, Petitioner, v. J. C. B. HEBBARD, Judge of the Superior Court of the City and County of San Francisco, Respondent.

SUMMONS — CONTENTS — POWER OF LEGISLATURE.—The legislature has the power to prescribe the contents of a summons, and to omit therefrom what was previously required, and may omit any notice of the contents of the complaint, or of the relief sought therein, and may regulate such notice, without interfering with any constitutional requirement.

ID.—FOLLOWING LANGUAGE OF CODE.—A summons which follows the literal requirements and language of the code must be held sufficient.

ID.—STATEMENT OF NATURE OF ACTION.—Under section 407 of the Code of Civil Procedure, as now in force, the summons need not state the nature of the cause of action nor the amount for which plaintiff will take judgment; but the defendant must look to the complaint alone to ascertain the cause of action, and the particular relief sought.

ID.—ALTERNATIVE NOTICE OF RELIEF—DIVORCE SUIT.—A summons in an action for a divorce is not rendered void by a notice in the

alternative form literally prescribed by section 407 of the Code of Civil Procedure, "that unless the defendant so appears and answers, the plaintiff will take judgment for any money or damages demanded in the complaint, as arising upon contract, or will apply to the court for any other relief demanded in the complaint."

ID.—ALTERNATIVE NOTICE NOT ESSENTIAL—SUBSTANTIAL COMPLIANCE WITH STATUTE.—A summons based on a complaint on contract for money or damages only, or a summons based upon a complaint asking for equitable relief only, would not be void if not worded in the alternative; but, in either case, a notice following the statute so far as to correspond only to the nature of the relief sought in the complaint would substantially comply with the statute.

MANDAMUS from the Supreme Court to the Superior Court of the City and County of San Francisco. J. C. B. Hebbard, Judge.

The facts are stated in the opinion of the court.

Stafford & Stafford, for Petitioner.

Rodgers, Paterson & Slack, for Respondent.

GAROUTTE, J.—This is a petition for a writ of mandate to compel respondent, as judge of the superior court, to proceed with the trial of the case of *Stanquist v. Stanquist.* The action is one of divorce, and personal service of the summons was had. The judge refuses to proceed further with the trial, upon the ground that the summons is defective in material parts, and by reason of such defects no jurisdiction over the person of the defendant has been obtained.

It is first insisted that the summons is void because it does not state the nature of the cause of action alleged against defendant. A sufficient answer to this contention is found in the fact that the statute which provides what matters shall be stated in the summons fails to make such a requirement. While it might be a convenience to a defendant to be able to ascertain from the face of the summons the nature of the action brought against him, yet, being a convenience merely, the legislature has the right to deprive him of it. None of his constitutional rights are denied him by reason of a failure upon the part of the state

legislature to require the summons to include a general statement as to the nature of the cause of action.

The Code of Civil Procedure, section 407, now reads: "The summons must be directed to the defendant, signed by the clerk and issued under the seal of the court, and must contain: . . . . 3. A notice that unless the defendant so appears and answers the plaintiff will take judgment for any money or damages demanded in the complaint as arising upon contract, or will apply to the court for any other relief demanded in the complaint."

The summons in the present case, following the very language of the statute, states: "You are notified that, unless the defendant so appears and answers, the plaintiff will take judgment for any money or damages demanded in the complaint as arising upon contract, or will apply to the court for any other relief demanded in the complaint."

It is now insisted that the summons is void because the relief asked for is stated in the alternative. Prior to the last session of the legislature, section 407, as to this matter, provided: "4. In an action arising on contract for the recovery of money or damages only, a notice that unless the defendant so appears and answers the plaintiff will take judgment for the sum demanded in the complaint (stating it); 5. In other actions a notice that unless defendant so appears and answers the plaintiff will apply to the court for the relief demanded in the complaint. The name of the plaintiff's attorney must be indorsed on the summons."

Why the legislature made these changes in the law, and bulked the legislation found in subdivisions 3 and 4 of the old section into subdivision 3 of the new section, we do not know. But by elementary principles of statutory construction the court has a right to assume that some change in the meaning of the statute was intended by this radical change in the language of the statute. At the same time, it must be borne in mind that section 407 does not assume to declare the particular form of a summons, but declares what matters it must contain. And a substantial compliance with the requirements of the statute in making a statement of those matters is all that is required.

The summons under consideration follows literally the language of the code and must be held sufficient. To be sure, the

purpose and intent of the statute is most awkwardly expressed, but that fact is a matter with which the court has nothing to do. The statute is not so bad as to be meaningless, and if the legislature in its wisdom saw fit to frame this statute in the alternative form, as to the relief to be demanded by the plaintiff, it certainly had the power so to do. It seems the purpose of this provision of the section, in part at least, was to require the defendant to look to the complaint alone to ascertain the nature of the cause of action alleged against him. Especially is this apparent when we find that the legislature, at the same time, repealed that subdivision of the section requiring the summons to state generally the nature of the cause of action. Under the notice now provided by the section, the defendant may only ascertain the relief sought against him by an examination of the complaint. It will be observed that the legislature, in enacting this section as it now stands, also repealed that portion of the old section requiring the summons in actions arising upon contract for the recovery of money or damages to state the amount for which plaintiff will take judgment in case of failure to answer. Possibly this change in the law has affected the power of the clerk to enter up judgments in certain cases as provided in section 585; but that is a matter in no way touching the jurisdictional question here involved. The legislature had the power to prescribe the contents of a summons, omitting therefrom all matters now found in subdivision 3 of the section. This could have been done and still defendant had due process of law. Hence the whole matter is purely one of statute—a matter solely with the legislature. If subdivision 3 of the section could be repealed by the legislature, and still sufficient of the section remain to constitute a valid summons, then the mere fact that the matters stated in that subdivision are stated in the alternative furnishes no ground upon which to hold the summons void.

In deciding that a summons which follows the language of section 407 is not void, we do not intimate that a summons based on a complaint on contract for money or damages, or a summons based upon a complaint asking for equitable relief, would be void if not worded in the alternative. In one case a notice that unless the defendant appears and answers the plaintiff will take judgment for any money or damages demanded in the complaint

as arising upon contract, and in the other case a notice that unless the defendant so appears and answers the plaintiff will apply to the court for the relief demanded in the complaint, would substantially comply with the statute.

For the foregoing reasons the writ should issue, and it is so ordered.

Van Fleet, J., Harrison, J., McFarland, J., Temple, J., and Beatty, C. J., concurred.