[No. 7,260.—Department Two.]

## OLIVE WARD v. HENRY WARD.

SUMMONS—JUDGMENT BY DEFAULT.—A summons must contain all that is required by the statute, whether deemed needful or not.

ID.—ID.—VACATION OF JUDGMENT—ACTION FOR BREACH OF CONTRACT OF MARRIAGE.—In an action for damages for breach of contract of marriage, the notice in the summons was, that if the defendant failed to appear and answer the complaint, the plaintiff would apply to the Court for the relief demanded therein; and upon application to the Court, judgment by default was entered for the plaintiff.

*Held,* that there was a substantial departure in this case from the form of the summons prescribed by the code, and the entry of the default was at least such an irregularity as would justify the Court in vacating the judgment.

ID.—ID.—ID.—ID.—ERROR—CORAM NOBIS—AUDITA QUERELA.—A judgment may now be vacated on motion, for any of the matters for which a writ of *coram nobis* or an *audita querela* would formerly lie.

AN appeal from an order of the Superior Court of Santa Clara County. SPENSER, J.

The amount claimed in the complaint was twenty thousand dollars, and the same was specified in the summons as the amount claimed.

*J. C. Black*, for Appellant.

The defendant was informed by the summons, that the relief demanded was a judgment for twenty thousand dollars, and he was notified that in case he failed to answer, the plaintiff would apply to the Court for the relief demanded in the complaint; that is to say, apply to the Court for judgment for twenty thousand dollars. Can it be possible that this Court will notice a deviation from a prescribed formula, which did not, and by its very nature · could not, operate except to the advantage of the defendant? · The plaintiff was entitled to take judgment from the Court absolutely for twenty thousand dollars, without applying to the Court at all. He notified the defendant that he would apply to the Court for such judgment, a difference which might benefit and could not hurt the defendant. In this case, we lost fifteen thousand dollars by not taking judgment in the manner insisted on by defendant, if he is right in his objection to the mode of taking judgment. We submit, if this be error, it is one that protected the defendant, and is therefore error without injury. · (Code Civ. Proc., § 475; *Hemson* v. *Decker*, 29 How., N. Y., 385.) As to the elements embraced in a cause for breach of promise of marriage, see *Reed* v. *Clark*, 47 Cal. 194.

*Crittenden Thornton*, for Respondent.

The cause of action, as stated in the complaint herein, was an action " arising on contract  *  *  *  for the recovery of damages only," within subdivision 4, of section 407, Code of Civil Procedure. The complaint stated a consideration, an express promise, and a breach of that express promise. The complaint in an action for breach of promise of marriage may be either *ex contractu* or *ex delicto*. The plaintiff has his choice to shape his pleading either way. When he makes his choice, he must make his original writ correspond with his pleading. A summons which is radically defective will not support a judgment. (*People* v. *Woodlief*, 2 Cal. 242; *Pitts-*

*burg Coal Co.* v. *Greenwood,* 39 id. 71; *People* v. *Bernal,* 43 id. 385; *Porter* v. *Herman,* 8 id. 619.)

SHARPSTEIN, J.:

This is an appeal from an order vacating a judgment entered by default in an action brought to recover damages for a breach of contract of marriage. In an action arising on contract, for the recovery of money or damages only, the summons must contain a notice that unless the defendant appears and answers within a specified number of days, the plaintiff will take judgment for the sum demanded in the complaint (stating it). (C. C. P., § 407.)

The notice contained in the summons in this action is as follows: "And you are hereby notified, that if you fail to appear and answer the said complaint as above required, the said plaintiff will apply to the Court for the relief demanded therein." In other actions than those arising on contracts for the recovery of money or damages only, that would be the appropriate notice to insert in a summons. (Id.)

It is sufficiently obvious that there was a substantial departure in this case from the form of summons prescribed by the code in actions on contracts. In *Lyman* v. *Milton,* 44 Cal. 630, the Court said: "We entertain no doubt that a summons must contain all that is required by the statute, whether deemed needful or not." We have no doubt that the entry of a judgment by default in the absence of a notice in the summons, that in case the defendant failed to appear and answer within the time prescribed by law, the plaintiff would take judgment for the sum demanded in the complaint, was at least such an irregularity as would justify the Court in vacating the judgment. A judgment may now be vacated on motion for any of the matters for which a writ of *coram nobis* or an *audita querela* would formerly lie. (Freeman on Judgments, § 93.)

We are unable to discover any ground upon which the order of the court below should be disturbed.

Order appealed from affirmed.

MYRICK, J., and MORRISON, C. J., concurred.