ZAPATER *v.* IRIZARRY ET AL.

## APPEAL from the District Court of Arecibo.

No. 374.—Decided June 25, 1909.

JUDGMENT BY DEFAULT—EXTENSION OF TIME FOR ANSWERING COMPLAINT—SETTING ASIDE A DEFAULT—AFFIDAVIT OF MERITS.—Where a motion to set aside a default is made, or where motions are made to extend the time when said time has about expired, the defendant who asks such privilege should file an affidavit of merits in which he must show the court, that not only was his negligence excusable, but that he also had a meritorious defense.

ID.—ABUSE OF DISCRETION—AFFIRMATION OF JUDGMENT BY DEFAULT.—Where a plaintiff is entitled to a judgment by default because of the expiration of the time, and such judgment is rendered by the court, the same will not be set aside by this court, unless an abuse of discretion is shown.

ID.—SETTING ASIDE A DEFAULT BY THE TRIAL COURT.—Under section 140 of the Code of Civil Procedure, the trial court has power to set aside a default upon such terms as it may deem just.

ID.—ANNOTATION OF DEFAULT—INEXCUSABLE NEGLIGENCE OF THE DEFENDANT.—In this case, after the annotation of the default had been made by the secretary, the defendant asked that the time for answering the complaint be extended, alleging illness, and filed two affidavits, one from the defendant and the other from a physician, but failing to show why he had waited till the last moment to ask for the extension of time. *Held:* That the defendants did not display the necessary diligence, and therefore it has not been shown that the court below had abused its discretionary power in refusing to set aside the default.

ID.—STRICT COMPLIANCE WITH THE LAW.—In order that a plaintiff may be entitled to a judgment by default, a strict compliance with the law is necessary, and the summons must meet the requirements of the law.

ID.—ACTIONS ARISING ON CONTRACT—DAMAGES.—In the case at bar, the summons served upon the defendant notified him that the plaintiff would take judgment according to the complaint. *Held:* That in actions arising upon contract, according to paragraph four of section 89 of the Code of Civil Procedure, that part of the summons containing the notice must specify the sum for which the plaintiff will take judgment in case the defendant should fail to answer the complaint. For this reason and because the damages are uncertain, the judgment appealed from was reversed, leaving the entry of default and ordering the court below to proceed with the trial of the case for the purpose of ascertaining the amount of damages sustained by the plaintiff.

The facts are stated in the opinion.

*Mr. Manuel F. Rossy* for appellants.

*Mr. José E. Martínez Quintero* for respondents.

MR. JUSTICE WOLF delivered the opinion of the court.

The appellee Macario Zapater sued Herminio Irizarry and Tulidania Cancel to recover the sum of $1,500 because, as the appellee alleged in his complaint, the appellants had made a contract with him to lease the principal story of house No. 13 in General Maceo Street in the city of Utuado for the price of $25 a month for the term of two years; that the appellants undertook to deliver the house to the appellee on July 1, 1908, afterwards in August of the same year, and thereafter on September 15, 1908, the appellee consenting to each of these extensions. That September 15 having come around, the appellants had not then, nor have they since, complied with the alleged contract, causing, it was alleged, heavy damages to the appellee, which he might show to be much more than $1,500, but limits himself to seek that amount, and he concludes with a prayer that the appellants be adjudged to pay the sum of $1,500 as compensation for the damages caused to the appellee by the failure of the appellants to comply with the contract of lease previously set forth. The summons which was duly served is as follows:

"United States of America. The President of the United States, ss. The People of Porto Rico to Herminio Irizarry and Tulidania Cancel, the defendants before mentioned, by this summons you are notified that there has been presented in the office of the secretary of the District Court of the Judicial District of Arecibo the complaint of the aforesaid mentioned complainant in which he prays the court that after the regular legal course the complaint be declared to be good and you thereby be adjudged to pay to the complainant the sum of $1,500 as compensation for damages caused to the complainant by the failure to perform on the part of the defendants the contract of lease to which the complaint refers, and you are notified that if you do not appear and answer said complaint within 10 days after being notified, if the notice should be made in the district, and within 20 days if it is made outside of the district but in the Island of Porto Rico, and within 40 days if it is made elsewhere, the complainant may (*podrá*) obtain of the court a judgment in accordance with the complaint."

This summons was served on the defendants on November 20, 1908. On December 2, 1908, the complainant asked the

secretary of the court to note the default of the appellants because they had failed to answer the complaint, and on the same day made another motion saying to the court that the secretary had noted the default and that, given the nature of the action, the secretary, in conformity with section 194 of the Code of Civil Procedure, should register a judgment against the appellants for the payment of the said amount.

On or about the same time, or shortly afterwards, the appellants came into court and asked the court to postpone the time for answering for various reasons, including the fact that the attorney of the appellants lived in San Juan, and moreover, that Utuado was more than 25 miles away from Arecibo, and on the next day, December 3, the appellants filed another petition setting up that the appellant, Irizarry, was sick and it was impossible for him to make a journey and that in the city of Utuado there was no other lawyer than the one employed by the appellee, asking again that they be permitted to answer the complaint. Two affidavits were filed with this petition, one of the appellant, Irizarry, and the other of Dr. Sanjurjo, showing the illness of Irizarry and the impossibility of his making the journey from the city of Utuado to the city of Arecibo.

The court, however, on December 3, 1908, ordered the secretary to enter a judgment by default against the appellants and overruled the motion of the appellants, and on the same day registered a judgment against them.

In this case the annotation of default by the secretary took place before any of the motions of the appellants were made. There was nothing to show why they waited till practically the last moment to ask for the extension of time or to put the matter in the hands of their attorney. If this suit were one where the amount to be recovered was a liquidated sum and if the summons were in due form, we think that no sufficient showing was made on the part of the defendants below to justify us in holding that the court had abused its discretion

in considering insufficient the excuses offered by the said defendants for not answering within the time named in the summons. If parties wish to set up an abuse of discretion on the part of a court, should it refuse to grant motions of this character, they must show more diligence than the defendants showed in this case. In general, where a complainant is entitled to a judgment by default by reason of the time having expired and the court renders such judgment it will not be set aside by this court, unless an abuse of discretion is shown. Furthermore, the trial court has power under section 140 of the Code of Civil Procedure, to set aside a default upon such terms as it may deem just. However, where a motion to set aside a default is made or where motions are made to extend the time where said time has about expired, the defendant who asks such privileges should file an affidavit of merits in which he shows the court that not only was his negligence excusable, but that he also had a meritorious defense. We feel constrained to hold that in this case there was no abuse of discretion on the part of the court below in refusing to consider the motions and affidavits of the appellants.

But another question is presented by this appeal, and that is, whether the complainant in the court below complied with all the requirements of the law in entering up a judgment by default; in other words, whether the appellee was legally entitled to a judgment by default. To entitle him to such a judgment a strict compliance with the law was necessary. The summons must meet the requirements of the law. Section 89 of the Code of Civil Procedure after setting up the number of things that a summons must contain, also says that "in an action arising on contract, for the recovery of money or damages only, the summons must contain a notice that unless the defendant so appears and answers (viz. appears and answers within 10 days), the plaintiff will take judgment for the sum demanded in the complaint," and following the word "complaint" in parenthesis are the words "stating it"; and paragraph five provides that in other actions the summons

must contain a notice that unless the defendant so appears and answers, the plaintiff will apply to the court for the relief demanded in the complaint. The form of the summons in this case complied more nearly with the provisions of paragraph five than it did with those of paragraph four.

Section 194 of the Code of Civil Procedure names the cases and the manner of taking judgments upon failure to answer. The appellee's right to judgment by default was based on paragraph one of that section which says:

"In an action arising upon contract for the recovery of money or damages only, if no answer has been filed with the secretary of the court within the time specified in the summons, or such further time as may have been granted, the secretary, upon application of the plaintiff, must enter the default of the defendant, and immediately thereafter enter judgment for the amount specified in the summons, including costs, against the defendant, or against one or more of several defendants, in the cases provided for in section 96."

In order to be entitled to action under paragraph one of section 194, the plaintiff must give the notice required by paragraph four of section 89. The complainant here limits himself to notifying the defendants that he would take judgment according to the complaint, whereas the statute requires, in actions arising on contract, that the notifying part of the summons should contain a statement of the sum for which the complainant will take judgment if the defendant fails to answer.

We do not think the appellee brought himself within the provisions of the first paragraph of section 194. A similar point arose in the Supreme Court of California, in the case of *Ward* v. *Ward,* 59 Cal., 139. In that case it was the trial court that set aside the judgment because it failed to comply with the requirements of a notice similar to the one required in the case at bar and the action was sustained on appeal. But, of course, the appellate court has the same powers as the court below. There is an earlier case in California, viz. *Hart-*

*man* v. *Williams,* 4 Cal., 255, where apparently there is an op-
posite ruling. But we have no means of ascertaining whether
the statute which was discussed in the *Hartman* v. *Williams*
case decided in 1854 was the same as the one discussed in 1881,
*Ward* v. *Ward,* decided in 1881. But it is certain from an in-
spection of the latter case that the statute is the same as our
own, for Mr. Justice Sharpstein, in his opinion, recites it.
The court held that the failure to specify such notice in the
summons justified the court below in setting aside the default.
There are other authorities to the effect that a provision simi-
lar to section 89 of the Code of Civil Procedure must be strict-
ly construed. (*Stanquist* v. *Hebbard,* 122 Cal., 268; *Parker*
v. *Wardner,* 13 Pac., 173; *Welcome* v. *Hess,* 90 Cal., 504.)

There is another consideration which applies in this case.
This was a contract to lease a house for $25 a month. The
complainant, without even a bill of particulars to show how
he was damaged, on November 16, 1908, two months
after the alleged failure of the defendants to comply with
their contract, brought his action in which he claimed the
sum of $1,500. There is not the slightest thing in the com-
plaint to justify the recovery of so large a sum. It was urged
that the complainant lost trade and other profits that he
would have made. Even supposing that a hotel in Utuado
should realize a profit of $750 a month, this sort of damages
is generally considered too remote. There was nothing to
show that this was the only hostelry or house that complain-
ant could have obtained, and there is no justifiable theory or
anything in the complaint which indicates that the complain-
ant in reality suffered anything amounting to the damages
he claims. In the case of *Hartman* v. *Williams,* cited above,
there was a more specifiic allegation of damage than the one
contained here, and there are some indications of there having
been a great many specifications of damages. In the case
at bar there was a plain failure to comply with the words of
the statute notifying the appellants of the amount for which
judgment would be taken against them. Indeed, they had

reason to believe that the procedure to be followed would be the one set out in paragraph two of section 194, and not that of paragraph one.

We think that the action of the secretary, noting the default in this case, should be sustained; but that the case should be sent back to the trial court with instructions that the case proceed to trial to ascertain the amount of damages sustained by the complaint.

*Decided accordingly.*

Mr. Chief Justice Hernández concurred.

Mr. Justice MacLeary was of the opinion that for the reasons set forth in the opinion and others that could be alleged, both the judgment rendered by the lower court, and the entry of default made therein, should be set aside.

Justices Figueras and del Toro took no part in the hearing of this case.