The People, Plaintiff and Respondent, *v.* Rivera, Defendant and Appellant.

The People, Plaintiff and Respondent, *v.* González, Defendant and Appellant.

The People, Plaintiff and Respondent, *v.* Dones, Defendant and Appellant.

The People, Plaintiff and Respondent, *v.* García, Defendant and Appellant.

Nos. 762, 763, 764 and 768.—Decided March 8, 1915.

Decided on the ground of the opinion delivered in Case No. 761, *The People* v. *Gallardo, ante.*

———

Lópaz, Plaintiff and Respondent, *v.* Meléndez, Defendant and Appellant.

Appeal from the District Court of Humacao in an Action of Unlawful Detainer.

No. 1235.—Decided March 9, 1915.

Summons—Notice to Defendant—Default.—Although process is usually required to apprise the defendant of the result consequent upon his default, substantial compliance with the statutory requirement is sufficient, this proposition being sustained by the overwhelming weight of authority in every jurisdiction where there are provisions similar to those of section 142 of the Code of Civil Procedure.

ID.—UNLAWFUL DETAINER—NOTICE TO DEFENDANT—DEFAULT.—The summons in this case, with which a copy of the complaint was served, cautioned the defendant that in case he should fail to appear ''the case will proceed throughout its course without further notice or hearing to proper judgment,'' and it having been alleged that under section 5 of the Unlawful Detainer Act the summons should caution the defendant that in case of his failure to appear ''judgment of unlawful detainer will be taken against him without further summons or hearing,'' *Held:* That the said summons substantially, and therefore sufficiently, complies with the requirements of the law as to the notice contained therein and that the technical defect complained of affects no substantial right of the defendant.

CONSTRUCTION OF LAW—UNLAWFUL DETAINER.—Section 5 of the Unlawful Detainer Act, referring to the notice to defendant, should be construed liberally and in connection with the other provisions of the said act.

SUMMONS—SERVICE—PUBLIC INTEREST—PRIVATE ACT.—The act of a person in serving a summons upon the defendant is an act of public interest, inasmuch as it is a necessary step in the proceedings of a suit at law going to the regularity and validity of the proceedings, therefore it cannot be regarded as an act ''of a mere private nature'' within the meaning of section 4 of the Act relating to affidavits, etc., approved March 12, 1908.

ID.—SERVICE—RETURN—AFFIDAVIT.—Under section 2 of the Act of March 12, 1903, as amended by the Act of 1910 and the Act relating to affidavits of March 12, 1908, municipal judges are empowered to administer oaths to the return of service of process.

The facts are stated in the opinion.

*Mr. Arturo Aponte, Jr.,* for the appellant.

The respondent did not appear.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

In the District Court of Humacao appellee, plaintiff below, as purchaser at a judicial sale brought unlawful detainer proceedings against appellant, defendant below, for the possession of certain real estate formerly the property of the latter.

The complaint concludes with the following prayer:

''Wherefore, he prays the honorable court to please render judgment sustaining this complaint in unlawful detainer, and upon the merits thereof to order the defendant to vacate the property referred to in this complaint, and that in case of his failure to comply with said order within a term of twenty days from the date on which said judgment becomes final, to order the ejectment of the said defendant, relatives, peons, assistants, and other employees, as well as of all such persons who might be found on the property by virtue of any authorization from defendant Serafín Meléndez; and that the latter be

sentenced to pay all costs and disbursements that might be caused to the complainant in this suit.''.

The summons, affidavit of service and jurat read:

''You are hereby notified that the aforesaid complainant has filed his complaint in the office of the Secretary of the District Court of Humacao, wherein he prays the court to render judgment sustaining the complaint in unlawful detainer, of the property consisting of twenty acres of land, situated in the ward of Mariana, in the municipal jurisdiction of Naguabo, as set forth in the second allegation of the complaint, and by virtue thereof that the defendant be sentenced to vacate the said property, and that in case of his failure to comply with the said order within the term of twenty days following the date on which said judgment becomes final, that the said defendant, relatives, peons, assistants, and other employees, as well as all such persons who might be found on said property by reason of any right derived from defendant Serafín Meléndez, be ejected from the said property, and that the latter be sentenced to ·pay all costs and disbursements that might be caused to the complainant in this suit, who is represented by Attorney M. Tous Soto residing at Carrera Street of the city of Humacao.

''And you are further notified that, by order of this date, the Hon. Rafael Cuevas Zequeira, judge of this court, has set the session of the court to be held on the 26th of August, 1914, at 9 a. m. of said day, for the appearance of the parties in this suit, at which session you, the aforesaid defendant, must appear in person or through counsel, to make any statement tending to establish your rights and submit such proof as you may deem proper, and you are cautioned that should you not appear at said session to file allegations, the case will proceed throughout its course without further notice or hearing to proper judgment (*hasta dictarse la sentencia que proceda*). In testimony. whereof, I issue this under my signature and seal of the court in the city of Humacao, on the 17th day of August, 1914. Jesús L. Pereyó, Secretary of the Court.''

''AFFIDAVIT OF·SERVICE.—I, Luis Guzmán, do solemnly swear: That I am over 18 years of age, and know how to read and write; that I am not a party and have no personal interest in the suit wherein this summons was decreed, and I am acquainted with defendant Serafín Meléndez. That to-day I served a copy of this summons, as authorized by the Secretary of the District Court of Humacao, on the defendant, in the ward of Mariana of the municipal jurisdiction of Naguabo,

with a copy of this affidavit, subscribed by me, and a copy of the complaint signed by Attorney M. Tous Soto. August 22, 1914. Luis Guzmán.''

''JURAT.—Sworn to and subscribed before me, by Luis Guzmán, of age, judicial agent, and resident of Fajardo, whom I know personally, in Fajardo, P. R., on the 22nd of August, 1914. J. Penedo, Municipal Judge.''

On October 20, 1914, judgment was rendered as follows:

''JUDGMENT.—Before this court appeared Esteban López Cruz, through his attorney, M. Tous Soto, and filed this complaint in unlawful detainer against Serafín Meléndez, alleging therein as a ground of his cause of action that he is the owner of a certain property which he acquired by virtue of an adjudication.

''The plaintiff further alleges that defendant Serafín Meléndez is in possession of the property described in opposition to the plaintiff's will and without paying any canon or rent.

''A day having been set for the preliminary appearance, only the plaintiff appeared, the latter having presented his evidence at the time of the second appearance, the defendant being in default.

''The material allegations appear to be shown by the evidence introduced and therefore the court sustains the aforesaid complaint.

''For the foregoing reasons the court is of opinion that the law and the facts are in favor of the plaintiff and, therefore, renders judgment ordering the defendant to vacate the property of the plaintiff, which is set forth in the complaint, pursuant to the requirements of the law of unlawful detainer in force. The defendant must pay the costs. The court decrees that this judgment be notified to the parties for their proper knowledge thereof. Rendered in open court at Humacao, Porto Rico, on the 10th day of October, 1914. (Signed) R. Cuevas Zequeira, District Judge. I certify: Jesús L. Pereyó.''

Appellant insists that the summons is bad because it does not contain the notice required by law, in that the notice actually given was that in case of failure to appear the case would proceed throughout its course without further notice or hearing ''to proper judgment,'' while the statute specifies a notice that in such event ''judgment of unlawful detainer'' will be taken without further summons or hearing, and that the proof

of service is insufficient because municipal judges are not authorized to take such affidavits.

Sections 4 to 8, inclusive, and section 16 of the unlawful detainer statute read as follows:

"Section 4.—The action shall be commenced by filing a complaint prepared in accordance with that prescribed in the Code of Civil Procedure for an ordinary action, and, after the filing thereof, the plaintiff and defendant shall be ordered to appear for a hearing which must be held within ten days after the commencement of the action.

"Section 5.—If the defendant cannot be found at the place of trial, or if he resides elsewhere, the summons shall be served upon the person who, in his name, is in any way in charge of the property at said place. When summoning the defendant he shall be cautioned that in case of his failure to appear, either in person or by lawful agent, judgment of unlawful detainer will be taken against him without further summons or hearing.

"Section 6.—On the date set for the appearance the trial shall be held, during which the parties may make any statement tending to establish their rights, and may submit such proofs as they may deem proper, and, that which is considered pertinent having been admitted, the same shall be heard within a period which in no case shall exceed ten days. When the proof has all been received, the court or judge, as the case may be, shall render judgment as soon thereafter as may be possible, declaring that the action of unlawful detainer can or cannot be maintained; *Provided,* That demurrers and all other objections on the part of the defendant shall be interposed at the time of filing the answer.

"Section 7.—The documentary proofs to be introduced by the plaintiff and the defendant respectively, must be presented at the time of the hearing provided for in section four.

"Section 8.—After the defendant has been summoned, and the summons, with the return indorsed thereon, has been filed with the secretary of the court, he shall forthwith place the case upon the calendar.

"Section 16.—A judgment declaring that the action of unlawful detainer may be maintained shall order the ejectment of the defendant within the following periods, computed from the time the judgment becomes final: Fifteen days, where a family residence or dwelling-house is involved. Twenty days in all other cases."

Section 14 directs that appeals shall be heard and determined in accordance with the Code of Civil Procedure, and section 142 of the latter provides that:

"The court must, in every state of an action, disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the parties, and no judgment shall be reversed or affected by reason of such error or defect."

Subdivisions 4 and 5 of section 89 of the code provide, the former for a demand summons in actions arising on contract for the recovery of money or damages only, and the latter for a relief summons in all other actions.

Section 92 requires service of a copy of the complaint with the summons, a certificate of service when served by the marshal, and an affidavit thereof when served by any other person. Section 97 is to the same effect as to proof of service.

In support of the argument that the summons does not contain the notice required by statute, appellant cites *State* v. *Woodlief,* 2 Cal., 241; *Ward* v. *Ward,* 59 Cal., 139; and *Zapater* v. *Irizarry,* 15 P. R. R., 526.

In the case first mentioned, the summons apparently contained no notice whatever and was otherwise fatally defective. The opinion of the court, a model of brevity, may be quoted in full:

"The summons in this case is radically defective, and insufficient to support a judgment by default; so much so, that the Attorney-General expresses his unwillingness to urge the affirmance of the judgment. Under these circumstances, it is unnecessary to look further into the case."

In *Ward* v. *Ward* the court held that the service of a relief summons in an action to recover damages for breach of contract was a substantial departure from the form of summons prescribed by the code in actions arising on contracts.

In *Zapater* v. *Irizarry,* which was likewise a suit for damages for breach of contract, this court said:

"* * *. The form of the summons in this case complied more nearly with the provisions of paragraph five than it did with those of paragraph four.

"Section 194 of the Code of Civil Procedure names the cases and the manner of taking judgments upon failure to answer. The appellee's right to judgment by default was based on paragraph one of that section which says:

" 'In an action arising upon contract for the recovery of money or damages only, if no answer has been filed with the secretary of the court within the time specified in the summons, or such further time as may have been granted, the secretary, upon application of the plaintiff, must enter the default of the defendant, and immediately thereafter enter judgment for the amount specified in the summons, including costs, against the defendant, or against one or more of several defendants, in the cases provided for in section 96.'

"In order to be entitled to action under paragraph one of section 194, the plaintiff must give the notice required by paragraph four of section 89. The complainant here limits himself to notifying the defendants that he would take judgment according to the complaint, whereas the statute requires, in actions arising on contract, that the notifying part of the summons should contain a statement of the sum for which the complainant will take judgment if the defendant fails to answer."

These cases are, therefore, clearly distinguishable upon the facts from the case at bar.

Process is usually required to apprise a defendant of the result consequent on his default, as, in actions on contract for the recovery of money only, that if defendant fail to appear, judgment will be taken against him for a specified sum, or, in other actions, that in such case plaintiff will apply to the court for the relief demanded in the complaint. A substantial compliance with the statutory requirement is always sufficient. 32 Cyc., 438, and cases cited.

The overwhelming weight of authority sustains the proposition last above stated, that a substantial compliance with the statute is all that is required; and this is especially true and settled beyond all question in every jurisdiction where a copy of the complaint is required to be served, and in the particular case has been served with the summons, and where

the code contains provisions similar to our section 142 above quoted. *Bewick* v. *Muir,* 83 Cal., 368; *Clark* v. *Palmer,* 90 Cal., 504; *Behlow* v. *Shorb,* 91 Cal., 141; *People* v. *Dodge,* 104 Cal., 487; *Standquist* v. *Hebbard,* 122 Cal., 268; *Harpold* v. *Doyle,* 16 Idaho, 671; *Snake River Valley Irrigation Dist.* v. *Stevens,* 18 Idaho, 541; *Sawyer* v. *Robertson,* 11 Mont., 416; *Schuttler* v. *King,* 12 Mont., 149; *Sweeney* v. *Schultes,* 19 Nev., 53; *Higgley* v. *Pollock* (Nev.), 27 Pac., 895; *Burkhard* v. *Haycox* (Colo.), 35 Pac., 730; *Stanley* v. *Rachorsky,* 50 Ore., 472.

The contents and the form of summons are not prescribed in detail in the law of unlawful detainer. "The plaintiff and defendant shall be ordered to appear for a hearing." Section 5 speaks of a "summons," however, and provides that defendant when summoned "shall be cautioned that in case of his failure to appear, either in person or by lawful agent, judgment of unlawful detainer will be taken against him without further summons or hearing." This section must be construed in connection with the other provisions of the same law and under the authorities above cited should be liberally construed. There is no provision for any such judgment by default as is contemplated by subdivision 4 of section 89 and subdivision 1 of section 194 of the code. The subsequent proceedings conform much more closely to those outlined in subdivision 2 of the latter section based upon the notice provided for in subdivision 5 of the former. "A trial shall be held." After the evidence is in, judgment must be rendered holding "that the action of unlawful detainer can or cannot be maintained." If for plaintiff, it "shall order the ejectment of the defendant within the following periods, computed from the time the judgment becomes final: Fifteen days, where a family residence or dwelling-house is involved. Twenty days in all other cases."

Even this judgment and order cannot be actually executed without the formality of further proceedings:

"Section 17.—After the periods prescribed in the foregoing section have expired, the ejectment shall be made by the marshal upon order of the court made upon motion either to the court or to the judge at chambers."

The summons involved in this case contains a full statement of the prayer of the complaint and of the nature of the judgment prayed for, and, after reference to an order of even date with the summons setting a date for the preliminary hearing of the parties, specifying such date and the hour, defendant is therein expressly cautioned as follows: "at which session, you, the above-mentioned defendant, must appear in person or by attorney to set forth whatever may be conducive to your rights, present your allegations of law and of fact in opposition to the complaint and formulate all the evidence that you deem proper, standing advised that if you do not appear at said session to formulate your defense (*alegaciones*), the case will proceed throughout its course without further notice or hearing to proper judgment (*hasta dictarse la sentencia que proceda*)." A copy of the complaint with the prayer as first hereinabove quoted and signed by the attorney for plaintiff, together with a copy of the affidavit of service signed by affiant, was at the same time delivered to defendant. There is not in the whole record the remotest suggestion that the latter was misled to his prejudice, that he ever had any defense whatever to interpose, or that any defense whatever would be interposed or any different result be obtained, were the summons quashed, the judgment of the court below vacated and the proceedings required to be commenced anew with an *alias* summons.

In the case at bar, as in any case of unlawful detainer, there could be but one "proper judgment" if in favor of plaintiff and against the defendant. As to what that judgment, if adverse, would be, the latter was fully advised; first, by the clear, concise, yet full information given him by the summons; second, by the copy of the complaint served therewith; and, third, by the law itself which he is presumed to

know and which admits of but one judgment in favor of plaintiff and against defendant, clearly and specifically stating exactly and in detail what that judgment shall be, what it shall order and when and how it shall be executed.

We are, therefore, constrained to hold that the summons in question as to the notice contained therein substantially, and therefore sufficiently, complies with the requirements of the law, and that the technical defect complained of affects no substantial right of appellant, defendant below.

Coming now to the alleged defective affidavit of service, section 2 of an Act to authorize the administering of affidavits, oaths and affirmations by certain officers in Porto Rico, etc., approved March 12, 1903, as amended in 1910, provides that:

"All oaths, affidavits or affirmations, necessary or convenient or required by law, may be administered within Porto Rico, and a certificate of the fact given, by any judge of the Supreme Court, or by any judge of a District Court, or by any secretary of either of the above-mentioned courts, or by any justice of the peace or municipal judge, or by any notary public, or by any Commissioner of the United States for the District of Porto Rico * * *."

Section 2 of the Act of 1910, amending the section just quoted, repeals all laws in conflict therewith "except the Act relating to affidavits, approved March 12, 1908, which shall continue in full force and effect."

The Act of 1908 last mentioned in its first section defines affidavit, in its third section prescribes the form in different cases and in its fourth section, English version, provides that:

"All notaries, justices of the Supreme Court, judges of district and municipal courts, and justices of the peace, the Secretary of Porto Rico, and all other heads of the executive departments may authorize all affidavits or declarations herein referred to in this law; notaries, however, may authorize such affidavits or declarations only when they have reference to facts, acts or contracts of a mere private nature."

This section furnishes another illustration of the lamentable frequency with which our laws say one thing in English and another in Spanish. The clause last quoted reads in the Spanish text as follows:

*"Pero solamente los notarios podrán autorizarlos cuando se refieren a hechos, actos o contratos de mero interés particular."*

Sections 5 to 8, inclusive, provide for the keeping of registries, fix the fees to be charged and nullify all affidavits not recorded and indexed, while section 9 specifies that "there shall not be deemed to be included in this law any declarations in judicial, or administrative, proceedings, made before judges or officers of any capacity, in matters under their jurisdiction."

In support of the proposition that the affidavit of service is null and void as having been taken by an officer without power to authenticate the same, appellant relies upon section 4 of the law of 1908 above quoted, providing in the Spanish text thereof that "only notaries may authorize such affidavits or declarations when they have reference to facts, acts or contracts of a mere private nature."

In view of the admission made by appellant in concluding his written argument, we need not dwell upon details. From the final page of that argument we quote the following:

"The question, as we understand it, is centered upon and confined to à determination of whether the act executed by Luis Guzmán is of public or of private interest. That is the question, pure and simple. If that affidavit affected the whole people of Porto Rico or the community of Fajardo, we have said nothing; but if, on the other hand, that statement concerned only the plaintiff in the suit in order to show that he had summoned the defendant, then we are confronted with an act wholly and absolutely void because that suit was not pending before the municipal judge of Fajardo."

We think the "act executed by Luis Guzmán" is a matter of public interest, inasmuch as it was and is an incident, a necessary step in the proceedings of a suit at law, and the

public has an interest in every such suit and in every step taken therein going to the regularity and validity of the proceedings. It is a precedent established for the guidance of all plaintiffs. It is notice to every defendant of what is necessary to bring him into court. It is an act that is more regularly and properly executed as an official duty by a public officer, and, in the alternative, for the convenience of the parties, is permitted to be done by a disinterested private individual only under certain conditions and subject to carefully-prescribed formalities,—an act the proper performance of which even at common law required the active participation and cooperation of two persons,—an act that has received the careful consideration of the legislators of every civilized country and has called forth volumes of judicial decision. It is the laying of the very corner-stone in the foundation for all subsequent proceedings in every suit that is filed and is a matter in which the public collectively and individually is as vitally interested as it is in any question of every-day practice or civil procedure seriously affecting the rights of men. It cannot, therefore, be regarded as an act ''of a mere private nature.''

Moreover, section 2 of the law of 1903, as amended in 1910, conclusively disposes of this feature of the case. The language of that section, as amended, is too plain and unequivocal to admit of construction or argument as to its meaning and, as the last word of the Legislature upon that subject, must control in the interpretation of any doubtful language as to the same matters contained in the law of 1908.

The judgment of the court below must be

*Affirmed.*

Justices Wolf, del Toro and Aldrey concurred.

Mr. Chief Justice Hernández took no part in the decision of this case.