López, Demandante y Apelado, *v.* Meléndez, Demandado y Apelante.

## Apelación procedente de la Corte de Distrito de Humacao en causa sobre desahucio.

No. 1233.—Resuelto en marzo 9, 1915.

Emplazamiento—Su Suficiencia—Apercibimiento al Demandado.—Aun cuando, generalmente, se exige que el emplazamiento o citación al demandado contenga el apercibimiento de lo que puede ocurrir si no comparece, es suficiente si cumple substancialmente con el estatuto, proposición que está sostenida por el gran peso de las autoridades en jurisdicciones donde existen preceptos semejantes al del artículo 142 del Código de Enjuiciamiento Civil.

Id.—Desahucio—Apercibimiento al Demandado.—En el presente caso el emplazamiento, que fué servido con una copia de la demanda, contenía el apercibimiento de que, en caso de no comparecer el demandado "se continuara el pleito por todos sus trámites sin más citarlo ni oirlo hasta dictarse la sentencia que proceda," y habiéndose alegado que de acuerdo con la sección 5 de la ley de desahucio debía contener el apercibimiento de que, en caso de no comparecer el demandado "se decretara el desahucio sin más citarlo ni oirlo," se declaró que en dicho emplazamiento se cumple substancialmente y de un modo suficiente con las prescripciones de la ley en lo que respecta al apercibimiento contenido en la misma, y que el defecto técnico alegado no afecta a ningún derecho substancial del demandado.

Interpretación de Ley—Ley de Desahucio.—La sección 5 de la ley de desahucio sobre el apercibimiento *supra*, debe ser interpretada en relación con los demás preceptos de la referida ley y de un modo liberal.

Emplazamiento—Interés Público—Acto de Mero Interés Particular.—El acto que ejecuta una persona al servir la citación o emplazamiento al demandado, es uno de interés público por ser una medida necesaria en los procedimientos de una acción legal que puede afectar la regularidad y validez de dichos procedimientos, y, por tanto, no puede ser considerado como un acto "de mero interés particular" dentro de las prescripciones de la sección 4 de la ley sobre *affidavits* de marzo 12, 1908.

ID.—DILIGENCIAMIENTO—JURAMENTOS—JUECES MUNICIPALES.—De acuerdo con la
sección 2 de la ley de marzo 12, 1903, enmendada por ley de 1910, y la ley
sobre *affidavits* de marzo 12, 1908, los jueces municipales tienen facultades para
tomar juramentos en el diligenciamiento de una citación o emplazamiento al
demandado.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Arturo Aponte, Jr.,* quien compareció por escrito.

El apelado no compareció.

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

El apelado, que fué demandante en la corte inferior, en su carácter de comprador en una venta judicial estableció demanda de desahucio ante la Corte de Distrito de Humacao contra el apelante, demandado en dicha corte, para recobrar la posesión de cierta finca rústica perteneciente anteriormente a éste último.

La demanda concluye con la súplica siguiente:

"Por lo que a la honorable corte suplica se sirva dictar sentencia declarando con lugar esta demanda de desahucio y en su consecuencia condene al demandado a desalojar el inmueble descrito en esta demanda, decretándose si no lo hiciere dentro de los veinte días siguientes a la fecha en que fuere firme dicha sentencia, el lanzamiento del demandado, sus familiares, peones, agregados y demás empleados, así como de todas aquellas personas que se encuentren en el inmueble por un derecho emanado del demandado Serafín Meléndez, imponiendo a éste el pago de las costas y desembolsos que se causen al demandante con este litigio."

El emplazamiento, declaración jurada de haber sido éste diligenciado y el juramento, son como siguen:

"Por la presente se notifica a V. que se ha registrado en la oficina del secretario de la Corte de Distrito de Humacao, la demanda del actor antes citado, en la cual solicita se dicte sentencia declarando con lugar la demanda de desahucio de la finca de 20 cuerdas de terreno del barrio de Mariana del término municipal de Naguabo que se describe en la alegación segunda de la demanda, y en su consecuencia se condene al demandado a desalojar dicho inmueble, decretándose si no lo hiciere dentro de los veinte días siguientes a la fecha en que

fuere firme dicha sentencia el lanzamiento del demandado, sus familiares, peones, agregados y demás empleados, así como el de todas aquellas personas que se encuentren en el inmueble por derecho emanado del demandado Serafín Meléndez, imponiendo a éste el pago de las costas y desembolsos que se causen con este litigio al demandante, que representa el abogado Manuel Tous Soto, residente en la calle de la Carrera, en la ciudad de Humacao.

"Y se le notifica también que el Hon. Rafael Cuevas Zequiera, juez de esta corte, en orden de esta fecha, ha señalado la sesión que la corte de distrito celebre el día 26 de agosto de 1914, a los 9 de la mañana de dicho día, para la comparecencia de las partes en este pleito, en cuya sesión debe V., el demandado antes mencionado, comparecer por sí o por medio de abogado, para exponer lo que a su derecho conduzca, presentar sus alegaciones de derecho y de hecho contra la demanda y formular toda la prueba que le convenga, apercibido que si no comparece en dicha sesión a formular sus alegaciones se continuará el pleito por todos sus trámites sin más citarle ni oirle, hasta dictarse la sentencia que proceda. En testimonio de lo cual extiendo la presente bajo mi firma y el sello de la corte en la ciudad de Humacao, el día 17 de Agosto de 1914.—Jesús L. Pereyó, Secretario de la Corte."

"DILIGENCIAMIENTO. Yo, Luis Guzmán, juro solemnemente que soy mayor de 18 años, sé leer y escribir, no soy parte ni tengo interés personal en el pleito en que esta citación fué expedida, y conozco al demandado Serafín Meléndez. Que en el barrio de Mariana del término municipal de Naguabo entregué a dicho demandado en el día de hoy una copia de esta citación autorizada por el Secretario de la Corte de Distrito de Humacao, con copia de este juramento suscrito por mí y una copia de la demanda suscrita por el abogado M. Tous Soto. Agosto 22 de 1914. Luis Guzmán."

"JURAMENTO. Jurado y suscrito ante mí por Luis Guzmán, mayor de edad, agente judicial, vecino de Fajardo, y a quien conozco personalmente, en Fajardo, P. R., a 22 de agosto de 1914. J. Penedo, Juez Municipal."

En 20 de octubre de 1914, se dictó la siguiente sentencia:

"SENTENCIA. Ante esta corte compareció Esteban López Cruz, por su abogado M. Tous Soto, estableciendo demanda de desahucio contra Serafín Meléndez, y como fundamento de su causa de acción alega ser dueño de un inmueble que adquirió por adjudicación.

"Alega asimismo el demandante, que el demandado Serafín Meléndez, está en posesión del inmueble descrito contra la voluntad del demandante y sin pagar canon o merced.

"Señalado día para la primera comparecencia solamente el demandante compareció, y en el acto de la segunda comparecencia se practicó la prueba del demandante encontrándose el demandado en rebeldía.

"De la evidencia practicada aparecen justificados los extremos esenciales de la demanda, por cuya razón la corte la declara con lugar.

"Por las razones expuestas la corte, es de opinión que la ley y los hechos están a favor del demandante y por tanto condena al demandado a desalojar la finca del demandante descrita en la demanda, en los términos que prescribe la vigente ley de desahucio. El demandado debe pagar las costas. Notifíquese a las partes de esta resolución para su debido conocimiento. Dado en corte abierta en Humacao, P. R., hoy día 10 de octubre de 1914. R. Cuevas Zequeira, Juez de Distrito. Certifico: Jesús L. Pereyó."

El apelante insiste en el hecho de ser defectuosa la citación por no contener el apercibimiento que la ley exige, pues en el que realmente se hizo se expresaba que en caso de no comparecer el demandado se continuaría el pleito por todos sus trámites sin más citarle ni oirle hasta dictarse "la sentencia que proceda," no obstante disponer el estatuto que deberá apercibírsele de que si no comparece se "decretará el desahucio" sin más citarle ni oirle; y alega además que la prueba del diligenciamiento de la citación es insuficiente por no estar autorizados los jueces municipales para tomar tales juramentos.

Las secciones 4 hasta la 8 inclusive y 16 de la Ley de Desahucio, son las siguientes:

"Sección 4.—Se promoverá el juicio por medio de demanda redactada conforme a lo prescrito para el juicio ordinario en el código de enjuiciamiento civil, y presentada aquélla se mandará convocar al actor y al demandado para una comparecencia que deberá celebrarse dentro de los diez días siguientes al en que se presente la reclamación.

"Sección 5.—Si no se encontrase el demandado en el lugar del juicio o no tuviere en él su domicilio, se entenderá la citación con la

persona que en cualquier forma estuviere encargada en su nombre del cuidado de la finca en dicho lugar. Al citarse al demandado se le apercibirá de que no compareciendo por sí. o por legítimo apoderado, se decretará el desahucio sin más citarlo ni oirlo.

"Sección 6.—El día de la comparecencia se celebrará el juicio y en él expondrán por su orden las partes lo que a su derecho conduzcan y formularán en el acto toda la prueba que les convenga, y admitida la que se estime pertinente, se practicará dentro de un plazo que no podrá en ningún caso exceder de diez días. Terminadas las pruebas, el juez o la corte en su caso dictará la sentencia dentro del término más breve posible, declarando haber o no haber lugar al desahucio. Disponiéndose que las excepciones previas y todas las que el demandado haya de alegar deberán aducirse al contestar la demanda.

"Sección 7.—Las pruebas documentales de que haya de valerse el demandante y el demandado, respectivamente, deberán presentarse en el acto de la comparecencia prescrita en la sección 4.

"Sección 8.—Citado el demandado y entregada que sea la citación diligenciada al secretario, éste incluirá inmediatamente el asunto en el calendario."

"Sección 16.—La sentencia que declare con lugar la demanda de desahucio ordenará el lanzamiento del demandado dentro de los términos siguientes, contados desde que dicha sentencia quede firme: Quince días si se tratase de una casa destinada a habitación o vivienda de familia. Veinte días en todos los demás casos."

La sección 14 prescribe que las apelaciones se tramitarán y resolverán de acuerdo con el Código de Enjuiciamiento Civil, disponiendo la sección 142 de dicho código, que:

"En cualquier estado de un pleito, la corte tomará en cuenta algún error o defecto en las alegaciones o procedimientos que no afecten a lo esencial de los derechos de las partes, y no se revocará o invalidará ningún fallo por razón de dicho error o defecto."

Los incisos 4 y 5 de la sección 89 del código determinan, el primero, que en una acción originada de un contrato para obtener dinero o el importe de daños y perjuicios solamente, se hará constar en la citación la prevención de que si no compareciere el demandado el demandante obtendrá fallo por la cantidad exigida en la demanda; y el segundo, que

en las demás acciones el demandante solicitará de la corte le sea concedida la petición hecha en la demanda.

La sección 92 prescribe que se hará entrega de la copia de la demanda acompañada a la citación, con la certificación del márshal, cuando éste la hiciere, o una declaración jurada, cuando se diligenciare por cualquiera otra persona. La sección 97 se expresa en iguales términos en lo que respecta a la prueba de haberse hecho la citación.

En apoyo de la alegación referente a que la citación no contiene el apercibimiento exigido por el estatuto, el apelante cita los casos de *State v. Woodlief,* 2 Cal. 241; *Ward v. Ward,* 59 Cal., 139, y *Zapater v. Irizarry,* 15 D. P. R., 538.

En el primero de los casos citados la citación no contenía al parecer ningún apercibimiento y era además fatalmente defectuosa. La opinión del tribunal, que es un modelo de sencillez, puede ser citada en toda su extensión:

"En este caso la citación es radicalmente defectuosa e insuficiente para que pueda basarse en ella una sentencia en rebeldía; y tan es así, que el Fiscal general hace constar su repugnancia para solicitar que se confirme la sentencia. En vista de estas circunstancias no es necesario considerar más el caso."

En el caso de *Ward v. Ward,* la corte resolvió que el diligenciamiento de una citación en la que se hace constar el apercibimiento de que el demandante solicitará de la corte le sea concedida la petición hecha en la demanda en el caso de no comparecer el demandado en una acción sobre daños y perjuicios por incumplimiento de contrato, constituía una desviación sustancial de la forma de citaciones que el código determina para las acciones que se originan por virtud de contratos.

En el caso de *Zapater v. Irizarry* que fué también una acción sobre daños y perjuicios por incumplimiento de contrato, este tribunal se expresó en la forma siguiente:

"* * * La forma del emplazamiento en el presente caso se ajustó más bien a las disposiciones del párrafo 5°. que a las del párrafo 4°.

"El artículo 194 del Código de Enjuiciamiento Civil menciona los casos y la manera de obtener fallos si el demandado dejare de contestar a la demanda. El derecho que el apelado tenía a que se dictara sentencia a su favor con motivo de la rebeldía de los apelantes estaba basado en el párrafo 1°. de dicho artículo, que dice lo siguiente:

"'En un pleito que nazca de un contrato sobre pago de dinero o para obtener perjuicios solamente, si no se hubiere presentado la contestación al secretario de la corte dentro del término señalado en la citación, o de su prórroga, si se hubiese concedido; el secretario, a instancia del demandante, deberá hacer constar la rebeldía del demandado, y acto seguido anotará en el récord de la corte la sentencia para el pago de la cantidad especificada en la citación, con más las costas contra el demandado, o contra uno o más de los varios demandados, en los casos previstos en el artículo 96.'

"Para obtener derecho a una acción en virtud del párrafo 1°. del artículo 194, el demandante debe dar el aviso que exige el párrafo 4°. del artículo 89. El demandante en el presente caso se limita a notificar a los demandados que pediría un fallo de acuerdo con la demanda, mientras que la ley exige que en acciones que nazcan de un contrato, aquella parte del emplazamiento que contiene la notificación, exprese la suma por la cual el demandante pedirá un fallo a su favor si el demandado dejare de contestar a la demanda."

Estos casos son por consiguiente enteramente distintos en cuanto a sus hechos, del presente caso.

Generalmente se exige que en la diligencia se informe al demandado de lo que puede ocurrir si no comparece, como sucede en las acciones originadas de un contrato para obtener dinero solamente, en las que se hará constar en la citación que si no compareciere el demandado se dictará sentencia contra él por una suma especificada, y en las demás acciones que en dicho caso el demandante solicitará de la corte que le sea concedida la petición que hubiese hecho en la demanda. Siempre es suficiente con que se cumpla substancialmente con el estatuto. 32 Cyc., 438, y casos citados.

La proposición a que acabamos de referirnos de que todo lo que se exige es que se cumpla substancialmente con el estatuto está sostenida por el gran peso de las autoridades; y esto ocurre precisamente así y ha quedado establecido fuera

de toda discusión en todas las jurisdicciones en las cuales
se requiere la entrega de una copia de la demanda con la cita-
ción y en cuyo caso ha sido entregada, y donde el código
contiene preceptos semejantes a nuestro artículo 142 arriba
citado. *Bewick* v. *Muir,* 83 Cal., 368; *Clark* v. *Palmer,* 90
Cal., 504; *Behlow* v. *Shorb,* 91 Cal., 141; *People* v. *Dodge,*
104 Cal., 487; *Stanquist* v. *Hebbard,* 122 Cal., 268; *Harpold*
v. *Doyle,* 16 Idaho, 671; *Snake River Valley Irrigation Dist.*
v. *Stevens,* 18 Idaho, 541; *Sawyer* v. *Robertson,* 11 Mont.,
416; *Schuttler* v. *King,* 12 Mont., 149; *Sweeney* v. *Schultes,*
19 Nev., 53; *Higgley* v. *Pollock,* (Nev.), 27 Pac., 895; *Burk-
hard* v. *Haycox,* (Colo.), 35 Pac., 730; *Stanley* v. *Rachofsky,*
50 Or., 472.

El contenido y la forma de la citación no han sido deter-
minados en detalle en la ley de desahucio. "Se mandará
convocar al actor y al demandado para una comparecencia."
La sección 5, habla, sin embargo, de una citación y dispone
que al citarse al demandado "se le apercibirá de que no com-
pareciendo por sí o por legítimo apoderado, se decretará
el desahucio sin más citarlo ni oirlo." Esta sección deberá
ser interpretada en relación con los demás preceptos de la
misma, y de acuerdo con las autoridades citadas anterior-
mente debe interpretarse en un sentido liberal. Nada se
prescribe acerca de dicha sentencia en rebeldía en la forma
en que la considera el párrafo 4 de la sección 89 y el inciso
1 de la sección 194 del código. Los procedimientos subsi-
guientes se ajustan de modo más estricto a los expresados
en el párrafo 2 de la última sección los cuales se basan en
la prevención que prescribe el inciso 5 de la primera sección.
"Se celebrará el juicio." Terminadas las pruebas se dic-
tará sentencia declarando "haber o no haber lugar al desa-
hucio." La sentencia que declare con lugar la demanda de
desahucio "ordenará el lanzamiento del demandado dentro
de los términos siguientes, contados desde que dicha sen-
tencia quede firme: quince días, si se tratase de una casa

destinada a habitación o vivienda de familia. Veinte días en todos los demás casos.''

Ni siquiera esta sentencia y orden pueden en realidad ser ejecutadas sin cumplirse las formalidades de los demás procedimientos:

''Sección 17.—El lanzamiento se verificará por el márshal previo mandamiento de la corte en virtud de moción hecha a la misma o al juez en su despacho una vez transcurridos los términos de la precedente sección.''

La citación envuelta en este caso contiene una relación completa de la súplica hecha en la demanda como también de la sentencia que se pidió a la corte que fuera dictada, y después de hacer referencia a una orden de igual fecha que la citación en la que se fija un día para la comparecencia preliminar de las partes, expresando dicha fecha y hora, se le advierte en ella al demandado lo siguiente: ''en cuya sesión deberá V., el demandado antes mencionado, comparecer por sí o por medio de abogado para exponer lo que a su derecho conduzca, presentar sus alegaciones de derecho y de hecho contra la demanda, y formular toda la prueba que le convenga, apercibido de que si no comparece en dicha sesión a formular sus alegaciones, se continuará el pleito por todos sus trámites, sin más citarle ni oirle, hasta dictarse la sentencia que proceda.'' Una copia de la demanda con la súplica tal como ha sido transcrita primeramente y firmada por el abogado del demandante junto con una copia de la declaración jurada de haberse practicado la citación, firmada por el declarante, fué a la vez entregada al demandado. No existe en todos los autos el más remoto indicio de que el demandado fué inducido a error en su perjuicio, o que tuvo alguna defensa que alegar, o que tendría cualquier defensa o sería otro el resultado si se anulara la citación, dejara sin efecto la sentencia dictada por la corte inferior y se ordenara que comenzara el procedimiento de nuevo con otra citación.

En el presente caso como en cualquier otro de desahucio, no puede haber sino una sola "sentencia que proceda" si es a favor del demandante y en contra del demandado. Este tenía entero conocimiento de cual sería la sentencia que se dictaría en caso de ser ésta adversa para él, primero, por los datos claros y concisos pero completos que le fueron suministrados por virtud de la citación, segundo, por la copia de la demanda que le fué entregada con dicha citación, y tercero, por la ley misma la cual se presume que debe conocer y que solo admite una sentencia a favor del demandante y en contra del demandado, la que clara y específicamente determina de modo preciso y en detalle cuál habrá de ser esa sentencia, lo que ordenará y cómo será ejecutada.

Por consiguiente, nos vemos obligados a declarar que en la citación de referencia se cumple sustancialmente y por tanto de modo suficiente con las prescripciones de la ley en lo que respecta al apercibimiento contenido en ella y que el defecto técnico alegado no afecta a ningún derecho sustancial del apelante, que fué el demandado ante la corte inferior.

Pasemos ahora a considerar el *affidavit* del diligenciamiento de la citación el cual se alega que es defectuoso. La sección 2 de la ley autorizando a determinados funcionarios para tomar juramentos, declaraciones juradas y afirmaciones en Puerto Rico, etc., aprobada en marzo 12, 1903, según fué enmendada en el año 1910, prescribe que:

"Artículo 2.—Todo juramento, declaración jurada o afirmación que sea necesaria o conveniente o que la ley requiera, podrá prestarse en Puerto Rico y expedirse una certificación al efecto, ante cualquier magistrado de la Corte Suprema, o ante cualquier juez de una Corte de distrito, o ante cualquier secretario de cualesquiera de las cortes antedichas, o ante cualquier juez de paz o municipal, o ante cualquier notario, o ante cualquier Comisionado de los Estados Unidos para el Distrito de Puerto Rico   *   *   *."

La sección 2 de la Ley de 1910, enmendatoria de la que acaba de citarse, deroga todas las leyes que se opusieren

a la misma "con excepción de la ley sobre *áffidavits,* apro-
bada en 12 de marzo de 1908, que continuará en toda su fuerza
y vigor."

La Ley de 1908 citada últimamente define en su sección
1ª. lo que es un *áffidavit,* en la 3ª. prescribe la forma de éstos
en los diferentes casos, disponiendo en su sección 4 de la ver-
sión inglesa, lo que sigue:

"*Section 4.—All notaries, justices of the Supreme Court, judges
of district courts and municipal courts, and justices of the peace,
the Secretary of Porto Rico, and all other heads of the executive
departments, may authorize all affidavits or declarations herein re-
ferred to in this law; notaries, however, may authorize such affi-
davits or declarations only when they have reference to facts, acts
or contracts of a mere private nature.*"

Esta sección facilita otro ejemplo de la lamentable fre-
cuencia con que en nuestras leyes se dice una cosa en inglés
y otra en español. La frase citada últimamente aparece
redactada en el texto castellano, como sigue:

"Pero solamente los notarios podrán autorizarlos cuando se refie-
ran a hechos, actos o contratos de mero interés particular."

Las secciones 5 hasta la 8 inclusive disponen lo relativo
a la forma en que serán llevados los registros, determinando
los honorarios que han de cobrarse, expresando además que
serán nulos todos los *affidavits* que no hayan sido inscritos
o incluídos en el índice, determinando en cambio la sección
9 que "no se entenderán comprendidas en esta ley las decla-
raciones prestadas en procedimientos judiciales o guberna-
tivos ante jueces o funcionarios de cualquiera clase, en asun-
tos de su jurisdicción."

Para sostener la proposición relativa a ser nulo el *affi-
davit* de diligenciamiento por haber sido prestado ante fun-
cionario sin facultades para tomarlo, el apelante cita la sec-
ción 4 de la ley de 1908, a la cual ya hemos hecho referen-
cia, que prescribe en su texto castellano que "solamente los
notarios podrán autorizar tales *affidavits* o declaraciones

cuando se refieran a hechos, actos o contratos de mero interés particular.''

Teniendo en cuenta la admisión que hace el apelante al concluir su alegato escrito, no vemos que sea necesario entrar en detalles. Citamos de la última página de dicho alegato lo siguiente:

"La cuestión se concreta y limita, en nuestro sentir, a resolver si el acto ejecutado por Luís Guzmán es de interés público o privado. Esa es la cuestión lisa y llana. Si aquel *affidavit* afectó a todo El Pueblo de Puerto Rico o a la comunidad de Fajardo, no hemos dicho nada; pero si por el contrario aquella declaración solamente interesaba al demandante en el pleito para justificar que había emplazado al demandado, entonces nos encontramos frente a un acto entera y completamente nulo, porque el juez municipal de Fajardo no era el que conocía de aquel pleito.''

Creemos que el acto ejecutado por Luis Guzmán "es uno de interés público, puesto que era y es un incidente, una medida necesaria en los procedimientos de una acción legal y el público tiene interés en cada una de dichas acciones y en cada incidente de las mismas que afecte a la regularidad y validez de los procedimientos. Es un precedente que se establece para norma de todo demandante. Es el apercibimiento que se hace a todo demandado de lo que es necesario para hacerle comparecer ante la corte. Es un acto que ordinaria y debidamente se ejecuta en la mayoría de los casos como deber oficial por un funcionario público y el cual de no ejecutarse en esta forma se permite por conveniencia de las partes que se lleve a cabo por una persona particular que no tenga ningún interés solamente en ciertas condiciones y con sujeción a las formalidades que han sido cuidadosamente prescritas; un acto cuya debida ejecución hasta en la ley común requería la participación y activa cooperación de dos personas; un acto que ha merecido la debida consideración de los legisladores de todos los países civilizados y respecto al cual se han publicado muchos tomos de decisiones judiciales. Es la piedra angular de la base en que descan-

san todos los demás procedimientos subsiguientes en cada acción que se establece y es por consiguiente una cuestión en la que el público colectiva e individualmente tiene un interés tan grande como puede tenerlo en cualquier asunto de práctica diaria o procedimiento civil que afecte de modo serio a los derechos de los hombres. No puede, por tanto, ser considerado como un acto "de mero interés particular."

Además, la sección 2 de la Ley de 1903, tal como ha sido enmendada en 1910, resuelve de modo terminante este aspecto del caso. El texto de la referida sección como ha sido enmendada es demasiado claro e inequívoco para que pueda ser objeto de discusión alguna en lo que respecta a su significación y siendo la última expresión de la legislatura sobre la materia, deberá regir en la interpretación de cualquier lenguaje dudoso que acerca de esta cuestión esté contenido en la Ley de 1908.

Debe confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro y Aldrey.

El Juez Presidente Sr. Hernández no formó parte del tribunal en la vista de este caso.